Argued and submitted September 28, 1994, affirmed March 22, petition for review
denied May 23, 1995 (321 Or 246)

Gregory W. SHIPP,
*Appellant,*

*v.*

COUNTY OF MULTNOMAH,
a political subdivision of
the State of Oregon,
*Respondent.*

(9212-08289; CA A82275)

891 P2d 1345

Keith Burns argued the cause and filed the briefs for appellant.

Sandra N. Duffy, Assistant County Counsel, argued the cause for respondent. With her on the brief was Laurence Kressel, County Counsel.

Before Deits, Presiding Judge, and Haselton, Judge and Buttler, Senior Judge.*

BUTTLER, S. J.

---

* Buttler, S. J. *vice* Riggs, J.

## BUTTLER, S. J.

Plaintiff appeals from a judgment dismissing his petition for writ of review on the merits. We affirm the dismissal, because the circuit court lacked jurisdiction of the cause. Plaintiff inherited from his father eight tax lots in the Columbia Gorge in Multnomah County. The real property taxes on all of the lots were delinquent, resulting in their being foreclosed by defendant on November 3, 1988. The foreclosures are not in issue in this proceeding; it is the events following foreclosure of Lots 7 and 8 that give rise to the dispute.

In addition to the statutory two-year right of redemption, ORS 312.120,[1] defendant's Ordinance No. 560,[2] after finding that its interest and that of its residents is best served when taxpayers are restored to their property and the delinquent taxes paid, extended that right another 90 days from the day on which it gives written notice sent by certified mail to the former owners advising them that they have 90 days within which to repurchase their foreclosed property, either on contract, if certain criteria are met, or by paying the repurchase price in cash if those criteria are not met.

Two of plaintiff's lots qualified for his repurchase on contract. He repurchased them and they are not involved in this proceeding. With respect to the two lots involved here, (Lots 7 and 8), defendant mailed a notice to plaintiff by regular, not certified, mail, and gave him 60, not 90, days within which to repurchase them. He contends that he never received those notices and that, in any event, the notices were deficient in that they did not comply with the ordinance.

Plaintiff did not repurchase either of the lots, claiming that it was not until he heard from other sources that the lots were about to be sold by defendant to others that he wrote to defendant, through his attorney, requesting that he be

---

[1] ORS 312.120 requires counties to hold foreclosed properties for two years, during which any person whose interest has been foreclosed may redeem. ORS 312.125 requires the tax collector to give notice of the expiration of the redemption period by both certified and regular mail not less than one year prior to the expiration of the redemption period. That notice is not an issue in this case.

[2] That ordinance was amended by Ordinance No. 577; the amendment is not material to this case.

permitted to repurchase the lots. Defendant denied the request, stating that the "90 day period provided by Ordinance 560 expired long ago." Plaintiff appealed the denial to defendant's Board of County Commissioners.[3]

Following a hearing at which plaintiff appeared with counsel, a majority of the Commissioners found that the written notices did not comply with the ordinance because they were not sent by certified mail, but that plaintiff had received actual notice of his rights, either through a man it found to be his agent, or by verbal notice from one of defendant's employees in its Tax Title Office. It ordered that the properties not be repurchased by plaintiff and that they "be disposed of in accordance with the law." The Commissioners did not address whether the fact that the written notices allowed plaintiff only 60 days, rather than the required 90 days, within which to repurchase the lots was fatal to its findings and conclusion. Neither did it find that either of the verbal notices that it found to have been given by its employee to plaintiff of his right to repurchase the lots included notice that the rights must be exercised within 90 days of the notices. Plaintiff did not raise those questions in the hearing before the Commission.[4]

■ Within 20 days after the Commission's order, plaintiff filed a complaint for a declaratory judgment[5] in the Multnomah County circuit court alleging, in essence, that defendant failed to follow its ordinance relating to notice; that he never received the notices relating to Lots 7 and 8; that defendant's employee misinformed him that those lots were not in jeopardy; that he was denied the opportunity to repurchase those lots; and that he appealed to the Commission, which held a hearing, after which it entered its order denying him the right to repurchase the lots, although he was

---

[3] Section 3E of Ordinance 560 provides that an appeal to the Commission may be taken within 10 days of the denial.

[4] Plaintiff did raise those issues in the circuit court, but the court did not consider them, presumably because they were not raised before, or decided by, the Commission.

[5] Plaintiff filed an amended complaint in which he added to one exhibit to the complaint. The second amended complaint added an allegation relating to the status of defendant, deleted two redundant paragraphs, and added a petition for writ of review. Both parties refer only to the complaint and to the second amended complaint; we will do the same.

able and willing to repurchase them for cash. The relief that he sought was not a review of the record before the Commission; rather, he sought a judgment declaring that defendant did not follow the procedures required by its ordinance concerning notice and that defendant be required to allow him to repurchase the lots for cash within 30 days of the judgment. Some of his allegations presented issues of fact which, in a declaratory judgment action, are "tried and determined in the same manner as issues of fact are tried and determined in other actions at law or suits in equity in the court in which the proceeding is pending." ORS 28.090. He did not request the court to issue an order requiring defendant to produce and file with the court a certified copy of the record of the proceedings before the Commission so that it could be reviewed by the court. In short, the complaint had none of the earmarks of a petition for writ of review; rather, he was seeking a trial *de novo*.

The complaint was served on defendant, unlike a petition for writ of review, which is filed and presented to the court. ORS 34.030.[6] Defendant's counsel requested an extension of time within which to file a responsive pleading. After 60 days had passed from the date of the Commission's order, defendant moved to dismiss the proceeding for want of jurisdiction, because plaintiff had failed to file a petition for writ of review within 60 days of the order. The trial court denied the motion to dismiss, and granted plaintiff's motion to amend his pleading to make it one for a petition for writ of review. Apparently, it allowed the amended pleading to relate back to the date of filing of the original complaint. ORCP 23C.[7] In his

---

[6] ORS 34.030 provides in part:

"The writ shall be allowed by the circuit court * * * upon the petition of the plaintiff, describing the decision or determination with convenient certainty, and setting forth the errors alleged to have been committed therein. * * * A writ shall not be allowed unless the petition therefor is made within 60 days from the date of the decision or determination sought to be reviewed."

[7] ORCP 23C provides:

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment, such party (1) has received such notice of the institution of the

second amended complaint, plaintiff re-alleged his complaint for declaratory judgment, and joined with it a petition for writ of review in which he incorporated all of his allegations in his complaint for declaratory judgment and added others that are directly related to the bases for a writ of review. ORS 34.040.[8]

At the time of trial, the circuit court held that plaintiff's sole remedy was by writ of review, and dismissed plaintiff's complaint for declaratory judgment. The court found that the Commission's order was supported by the evidence and that the Commission's conclusion that plaintiff received actual notice cured any substantive defects in the notice. Plaintiff does not assign error to the dismissal of his complaint for declaratory judgment; he appeals only the court's denial and dismissal of his writ of review following trial.

■    Because defendant contends that the trial court erred in denying its motion to dismiss plaintiff's complaint for want of jurisdiction, we consider that question first. It is clear that the exclusive method of obtaining judicial review of the Commission's order is by a petition for writ of review, "and not otherwise," ORS 34.020, in the circuit court. ORS 34.030. It is equally clear that "(a) writ shall not be allowed unless the petition therefor is made within 60 days from the date of the decision or determination sought to be reviewed." ORS 34.030. Before allowing the writ, the court must require the plaintiff to give an undertaking in the sum of $100 for

---

action that the party will not be prejudiced in maintaining any defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party brought in by amendment."

[8] In relevant part, ORS 34.040 provides:

"The writ shall be allowed in all cases where the inferior court * * * or tribunal * * * in the exercise of judicial or quasi judicial functions appears to have:

"(1)  Exceeded its jurisdiction;

"(2)  Failed to follow the procedure applicable to the matter before it;

"(3)  Made a finding or order not supported by substantial evidence in the whole record;

"(4)  Improperly construed the applicable law; or

"(5)  Rendered a decision that is unconstitutional, to the injury of some substantial interest of the plaintiff, and not otherwise * * *."

costs and disbursements that may be adjudged to the defendant on the review. ORS 34.050.[9] After the court has entered an order allowing the writ, it and the petition and undertaking are filed. Then the clerk issues the writ, which is directed to the tribunal whose decision is sought to be reviewed, and requires that the writ be returned to the court with a certified copy of the record in question so that it may be reviewed by the court. The original writ must then be served as directed by the order allowing it, and a certified copy is served on the opposite party in the proceeding sought to be reviewed at least 10 days before the return of the original writ. ORS 34.060;[10] ORS 34.080.[11]

■■    The writ of review process is *sui generis*. The circuit court acquires jurisdiction when, and only when, the petition for the writ is filed with the court within 60 days from the date of the decision sought to be reviewed, and does not depend on when the petition is allowed or when the writ is issued or when it is served. Once the court acquires jurisdiction by the timely filing of the petition for the writ, any defects in the petition may be cured by amendment, even after the 60 days have elapsed, without the court's losing jurisdiction. *Meury v. Jarrell*, 269 Or 606, 525 P2d 1286 (1974).[12]

---

[9] ORS 34.050 provides:

"Before allowing the writ, the court shall require the plaintiff to give an undertaking to its approval, with one or more sureties, in the sum of $100, to the effect that the plaintiff will pay all costs and disbursements that may be adjudged to the defendant and on the review."

[10] ORS 34.060 provides:

"The writ shall be directed to the court, officer, or tribunal whose decision or determination is sought to be reviewed, or to the clerk or other person having the custody of its records or proceedings, requiring return of the writ to the circuit court, with a certified copy of the record or proceedings in question annexed thereto, so that the same may be reviewed by the circuit court. The court allowing the writ shall fix the date on which it is to be returned, and such date shall be specified in the writ."

[11] ORS 34.080 provides:

"Upon the filing of the order allowing the writ, and the petition and undertaking of the plaintiff, the clerk shall issue the writ, as ordered. The writ shall be served by delivering the original, according to the direction thereof, and may be served by any person authorized to serve a summons. A certified copy of the writ shall be served by delivery to the opposite party in the suit or proceeding sought to be reviewed, at least 10 days before the return of the original writ."

[12] In *Meury v. Jarrell, supra*, the court did not say that the amended petition would relate back to the time of filing the original petition; rather, the

■ Plaintiff argues that the circuit court acquired subject matter jurisdiction when he filed his action for a declaratory judgment, because ORS 28.010 grants courts of record the power to entertain such actions, and provides that no action shall be open to objection on the ground that the prayer is for a declaratory judgment. From the premise that the court has general authority to entertain such actions in appropriate cases, he argues that the court had jurisdiction to permit the complaint to be amended to add an entirely new and different animal: a petition for writ of review, in addition to the complaint for a declaratory judgment. This case, however, is not one in which plaintiff was entitled to seek a declaratory judgment. His sole remedy was by way of a timely petition for writ of review.

■■ Plaintiff relies on numerous cases involving amendments to a complaint in an action at law after the Statute of Limitations has run, in which the court has permitted the amendments to relate back to the date of filing the original complaint. Given our conclusion that the court did not acquire jurisdiction of this dispute when plaintiff filed his complaint, his later amendment had nothing to which to relate back. But even assuming that the court acquired some sort of tenuous jurisdiction when plaintiff filed his original complaint, the rationale for permitting the relation back of a post-limitation amendment is that a party who is notified within the Statute of Limitations of litigation concerning certain conduct or a given transaction has received "the notice that the Statute of Limitations was intended to assure." *Welch v. Bancorp Management Services*, 296 Or 208, 221, 675 P2d 172 (1983). However, this case does not involve timely notice. The requirement that the petition for writ of review be filed within 60 days of the lower tribunal's order is not a Statute of Limitations; it is a condition precedent to the conferring of jurisdiction in the circuit court and, unlike a Statute of Limitations, cannot be waived. The filing of the petition is akin to a notice of appeal; if it is not timely filed, the appellate court does not acquire jurisdiction, even if the opposing party acquiesces. Its function is not to give notice to

trial court had acquired jurisdiction when the original petition was timely filed and should have permitted the plaintiff to amend it.

the opposing party within the specified time. Therefore, the rationale of the relation back doctrine is inapplicable.

Finally, plaintiff's second amended complaint did not amend his claim for declaratory judgment. It added a separate, distinct and new claim: a petition for writ of review for the purpose of conferring jurisdiction in the circuit court to review the record and decision of the Commission. In *Brooks v. Dierker*, 275 Or 619, 625, 552 P2d 533 (1976), the court pointed out the distinction between the two: a declaratory judgment proceeding "presumes to examine the controversy de novo, and it allows the parties to present new evidence, to raise new issues, and to relitigate the entire proceeding." In contrast, a writ of review allows the court to examine the record made in the proceeding below and "has the beneficial effect of limiting the scope of review to those matters which were brought to the attention of the lower tribunal and passed upon by that body." Obviously, plaintiff cannot have it both ways.

Until he filed his second amended complaint, plaintiff was seeking a trial *de novo* of his dispute with defendant. If defendant had answered and the case had gone to trial on the complaint for declaratory judgment and had resulted in a judgment for plaintiff, this court on appeal would be required to reverse and remand with instructions to dismiss the cause. *School Dist. No. 48, Wash. v. Unified Sewerage*, 51 Or App 795, 627 P2d 485 (1981).

The circuit court did not acquire jurisdiction of the attempted writ of review proceeding within 60 days from the date of the Commission's order. Dismissal of the cause was appropriate, but for the reason that the court lacked jurisdiction.

Affirmed.