Argued and submitted December 12, 2000, vacated in part; remanded for further
proceedings January 23, 2002

## Magar E. MAGAR,
*Appellant,*

*v.*

## CITY OF PORTLAND,
*Respondent.*

## 9902-01626; A108667

39 P3d 234

Elliot Holden filed the briefs for appellant.

Frank Hudson, Deputy City Attorney, argued the cause and filed the brief for respondent.

Before Haselton, Presiding Judge, and Wollheim and Brewer, Judges.

WOLLHEIM, J.

## WOLLHEIM, J.

■    Plaintiff appeals from a judgment dismissing his petition for writ of review for lack of subject matter jurisdiction. We review the circuit court's legal conclusion regarding jurisdiction for errors of law, *Horn and Horn*, 97 Or App 177, 180, 775 P2d 338, *rev den* 308 Or 465 (1989), and conclude that the failure to file an undertaking in a writ of review proceeding is not a jurisdictional defect. Accordingly, we vacate the circuit court's judgment of dismissal and remand to the circuit court.

Plaintiff is the owner of a residential property located in the City of Portland. At some point before June 1998, plaintiff and the city (defendant) became engaged in a dispute regarding several alleged violations by plaintiff of the property maintenance provisions of the Portland City Code. Defendant assessed fees against plaintiff, and plaintiff sought administrative review of those assessments. In a decision issued on June 27, 1998, defendant upheld the assessments.

In December 1998, plaintiff appealed the June 1998 administrative review decision to the City Code hearings office. In his request for further review, plaintiff argued that his request was timely because he had not received the June 27 decision "at any time prior to December 8, 1998." On December 16, 1998, a hearing officer denied plaintiff's appeal on the ground that it was untimely:

"Your request was filed after the maximum time period allowed by City Code for the filing of this type of appeal. The exclusion order or other City determination was issued 6/27/98 and the time for requesting a hearing expired 7/7/98. * * * Your request was not received until 12/14/98 and, accordingly, cannot be granted."

On February 12, 1999, plaintiff filed a petition in Multnomah County Circuit Court seeking a writ of review to challenge the hearing officer's decision.[1] Plaintiff apparently

---

[1] In his petition, plaintiff alleged that the hearing officer had "failed to ascertain if in fact a letter was sent to petitioner on June 26, 1997 advising him of his right to appeal within 10 days" and that, "if in fact a letter was sent to petitioner on that date the hearing officer failed to ascertain that such a letter was duly received

tried to tender an undertaking at that time, but, for unknown reasons, it was not accepted by the cashier. *See* ORS 34.050 (requiring undertaking before court allows writ of review). Notwithstanding that absence of an undertaking, on May 11, 1999, the circuit court issued the writ, and on June 11, 1999, defendant filed a return of the requested records. On August 16, 1999, plaintiff tendered an undertaking.

Thereafter, on August 25, 1999, defendant moved to dismiss plaintiff's petition for lack of subject matter jurisdiction. Defendant argued that the court had lacked jurisdiction to issue the writ because, at the time the court had issued the writ, plaintiff had not paid the undertaking required by ORS 34.050. The circuit court agreed with defendant, concluding that, although plaintiff had cured the lack of an undertaking, it was done "far past the time that was allowed under the statute." That absence of an undertaking, the court concluded, precluded it from having "jurisdiction to consider the issues before it at this time." Accordingly, the court dismissed plaintiff's petition with prejudice. ORCP 21 A(1) (motion to dismiss for lack of subject matter jurisdiction).

■ On appeal, plaintiff argues that the circuit court erred when it dismissed the petition because the undertaking was paid by the time the court considered defendant's motion to dismiss. Defendant argues that the circuit court correctly dismissed the petition for lack of jurisdiction and cross-assigns error to the circuit court's issuance of the writ in the first place.

■ The merit of plaintiff's assignment of error hinges on whether the absence of an undertaking, as required by ORS 34.050, constitutes a defect affecting the circuit court's subject matter jurisdiction over the review proceeding, an analysis that turns on the nature of the writ of review process.[2] The writ of review process is a codification of the

_____

by petitioner so as to apprise him of his right to a hearing." According to plaintiff, the hearing officer's decision was unsupported by substantial evidence, was not issued in accordance with applicable procedure, and was unconstitutional. *See* ORS 34.040 (limiting the permissible bases for the issuance of a writ of review).

[2] There is no dispute that, in appropriate circumstances, a writ of review proceeding can be dismissed for lack of subject matter jurisdiction pursuant to ORCP 21 A(1). *See Alt v. City of Salem*, 306 Or 80, 83, 756 P2d 637 (1988) (the ORCPs, as a general rule, apply to writ of review proceedings, unless they conflict with the

common-law writ of *certiorari*. ORS 34.010. The process is *sui generis*—it is a unique proceeding designed to review the decision of an inferior tribunal alleged to have either exceeded its jurisdiction, failed to follow applicable procedures or law, or made a finding not supported by substantial evidence. ORS 34.040. As a creature of statute, there are statutory limits on writ of review proceedings. Those limits fall into two classes. The first class limits subject matter jurisdiction and affects the jurisdiction of a particular court to preside over a writ of review proceeding.[3] The second class consists of limits on a court's ability to take particular actions once it properly acquires subject matter jurisdiction. Those limits are not "jurisdictional," but are simply statutory limits on the court's authority. *Shevchynski v. City of Eugene*, 157 Or App 355, 360, 970 P2d 237 (1998) (" '[J]urisdiction,' as it has been used in [writ of review] cases, refers simply to the trial court's authority to proceed with the review process.").

Plaintiff argues, and we agree, that the undertaking requirement in ORS 34.050 falls into the latter category of limitations. Our opinion in *Kaiser Foundation Health Plan v. Doe*, 138 Or App 428, 908 P2d 850, *rev den* 324 Or 394 (1996), is instructive. In *Kaiser Foundation*, the plaintiff appealed from a judgment declaring that an oral settlement agreement between the parties was invalid and unenforceable. On appeal we reversed, holding that the trial court erred in refusing to issue the plaintiff's requested declaration. *Kaiser Foundation Health Plan v. Doe*, 136 Or App 566, 579, 903 P2d 375 (1995), *on recons* 138 Or App 428 (1996). Thereafter, the defendant sought reconsideration and moved to dismiss the entire action on the ground that the trial court lacked subject matter jurisdiction. *Kaiser Foundation*, 138 Or App at 430. In particular, the defendant pointed out that two other parties to the settlement agreement—Smith and

---

writ of review statutes or are, as a practical matter, inapplicable in the context of such proceedings).

[3] For example, ORS 34.030 states, in part, that a writ of review "shall be allowed by the circuit court, or, in counties where the county court has judicial functions, by the county court wherein the decision or determination sought to be reviewed was made[.]" Thus, only circuit courts or, in more limited instances, county courts, have jurisdiction to issue writs of review, and a petition filed in the first instance with, for example, this court, would be subject to dismissal for lack of subject matter jurisdiction.

Northwest Permanente, P.C.—were not parties to the action, and that consequently the trial court lacked subject matter jurisdiction over the action pursuant to ORS 28.110.[4] In rejecting the defendant's jurisdictional argument, we distinguished between a court's subject matter jurisdiction over a statutory proceeding and its authority to take particular actions in the context of those proceedings:

> "We understand the case law relied on by defendant to hold that when a claim under ORS chapter 28 for a declaratory judgment is filed and proper service of process occurs, the court acquires personal jurisdiction over the parties before it and subject matter jurisdiction over the subject matter. That proposition is in accord with the general rule that, once subject matter jurisdiction is properly invoked, a court retains continuing authority over the action to enter a disposition concerning it. *Dippold v. Cathlamet Timber Co.*, 98 Or 183, 192, 193 P 909 (1920). In that light, ORS 28.110 limits the authority of the court in only one respect. The court lacks the power to enter a final declaratory judgment about the subject matter unless all necessary parties are before it. Therefore, even though the trial court in this case currently lacks the authority to enter a final declaratory judgment, we and the trial court retain subject matter jurisdiction to permit the joinder of the absent necessary parties. In other words, immediate dismissal of the action is not required because of lack of joinder of necessary parties." *Id.* at 432.

That distinction between jurisdiction and authority drawn in *Kaiser Foundation* in the declaratory judgment context is equally applicable here. The circuit court here had subject matter jurisdiction because plaintiff satisfied the conditions listed in ORS 34.030 by filing his petition in the appropriate court within 60 days from the date of the decision sought to reviewed. *Shipp v. Multnomah County*, 133 Or App 583, 589, 891 P2d 1345, *rev den* 321 Or 246 (1995) (circuit court acquires jurisdiction over writ of review proceeding if the petition for review is filed with the court within 60 days

---

[4] ORS 28.110 provides, in part: "When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding."

from the date of the decision sought to be reviewed). Satisfaction of those conditions was sufficient to give the circuit court jurisdiction over the proceeding.

The problem here, thus, was not with the court's jurisdiction, but with its authority to proceed, which hinges on satisfaction of certain procedural requirements. *Shevchynski* is illustrative. There, we remanded the case to the circuit court because it had reviewed a proceeding pursuant to a writ of review without first issuing the writ. We held that "the text of the statutes clearly contemplates that, before a court may review a proceeding pursuant to a writ of review, the court *must first* issue the writ." 157 Or App at 361 (emphasis in original); ORS 34.060 (court must direct the writ to the tribunal whose decision is sought to be reviewed); ORS 34.080 (once court files the writ, "the clerk shall issue the writ").

■     Here, the circuit court acted without authority when it issued the initial writ much as the court in *Shevchynski* acted without authority when it conducted a review without first issuing the writ. In particular, while there is no requirement that an undertaking be filed within any finite time after a plaintiff files his or her petition for a writ of review,[5] it is essential that the court, before issuing the writ, require the plaintiff to tender an undertaking. ORS 34.050. The court here failed to require an undertaking before issuing the writ and, in so doing, violated the express requirements of ORS 34.050. The court, faced with a motion to quash the improvidently issued writ, should have granted such a motion.

That, however, is not what happened. Rather, defendant moved to dismiss and the court, ultimately, dismissed plaintiff's entire writ of review proceeding as being without subject matter jurisdiction. While the court's issuance of the writ was without authority, its failure to require an undertaking before issuing the writ did not divest the court of jurisdiction over the subject matter of plaintiff's writ of review proceeding. *See generally Watanabe and Watanabe*, 140 Or App 85, 88, 914 P2d 701, *rev den* 324 Or 176 (1996) (stating similar principle in dissolution context). Accordingly, the

---

[5] *Compare* ORS 34.030 (petition must be filed within 60 days of decision sought to be reviewed) *with* ORS 34.050 (requiring undertaking before court issues writ of review but not establishing finite deadline).

trial court erred in dismissing plaintiff's writ of review proceeding.

To summarize, the circuit court erred in granting defendant's motion to dismiss. Notwithstanding that error, the assertion implicit in defendant's cross-assignment of error—that the circuit court erred in issuing the writ in the first instance—is correct, and the trial court acted without authority when it prematurely issued the writ without requiring plaintiff to tender an undertaking. Accordingly, we vacate the judgment of dismissal and remand to the circuit court with instructions to quash the first writ, followed by the issuance of a new writ because the undertaking has now been paid. *Shevchynski*, 157 Or App at 361.

Judgment of dismissal vacated; remanded for further proceedings.