ALFRED EARL MILES, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 42045

June 10, 2004                                          91 P.3d 588

*Roger R. Harada,* Reno, for Appellant.

*Brian Sandoval,* Attorney General, Carson City; *Richard A. Gammick,* District Attorney, and *Joseph R. Plater III,* Deputy District Attorney, Washoe County, for Respondent.

Before SHEARING, C. J., ROSE and MAUPIN, JJ.

## OPINION

*Per Curiam:*

In this appeal, we consider whether a district court has jurisdiction to permit an inadequately verified post-conviction petition for a writ of habeas corpus to be cured by subsequent amendment. We conclude that such a defect is not jurisdictional and, therefore, the district court has discretion to permit a petitioner to amend the petition to cure an inadequate verification.

### FACTS

Appellant Alfred Earl Miles was convicted, pursuant to a guilty plea, of one count of trafficking in a controlled substance. The district court sentenced him to serve a prison term of 10 to 25 years. Miles appealed, and this court affirmed the judgment of conviction.[1] The remittitur issued on January 14, 2002.

On September 16, 2002, Miles filed a proper person post-conviction petition in the district court for a writ of habeas corpus. On October 17, 2002, the district court appointed counsel to represent Miles. On November 15, 2002, the parties filed a written stipulation extending the time in which counsel could supplement the petition. Miles' counsel filed the supplement on March 5, 2003. Thereafter, the State filed an answer to the petition, and the district court scheduled an evidentiary hearing for August 19, 2003.

On August 7, 2003, however, well after the time to file a timely petition had expired under NRS 34.726, the State filed a motion to dismiss the petition alleging that it was not properly verified as required by NRS 34.730. The State appended to its motion an affidavit of a deputy district attorney stating that, on July 29, 2003, he noticed that Miles' signature on the original verified petition was not authentic. Thereafter, at the evidentiary hearing, Miles conceded that the signature on the original petition was not his, but that Miles had witnessed the inmate law clerk who prepared the petition sign Miles' name. On September 11, 2003, the district court dismissed the petition. This timely appeal followed.

---

[1]*Miles v. State,* Docket No. 38046 (Order of Affirmance, December 17, 2001).

## DISCUSSION

Miles contends that the district court erred in dismissing the petition for lack of verification because his appointed counsel filed a subsequent, properly verified supplemental petition that related back to the original timely petition. The district court rejected Miles' contention, ruling that: "[v]erification is a jurisdictional prerequisite." We conclude that the district court erred in ruling that the initial improper verification deprived it of jurisdiction.

NRS 34.730(1) provides that "[a] petition must be verified by the petitioner or his counsel. If the petition is verified by counsel, he shall also verify that the petitioner personally authorized him to commence the action." In *Sheriff v. Scalio,* this court held that an unverified pretrial habeas petition is "not cognizable in the district court."[2] The plain meaning of the word "cognizable" is "capable of being judicially heard and determined."[3] While we agree with the State that *Scalio* states that an unverified petition is defective, we have never held that a defective verification deprives the district court of jurisdiction to allow a petitioner to cure that defect.[4] In fact, the Legislature has vested the district court with broad authority to order supplemental pleadings in post-conviction habeas cases, providing that "[n]o further pleadings may be filed *except as ordered by the court.*"[5] The Legislature has also provided that after a first timely post-conviction habeas petition is filed, the district court shall order an answer and, if applicable, a return or "*[t]ake other action that the judge or justice deems appropriate.*"[6] Further, the Legislature has not mandated that the district court dismiss an inadequately verified petition, nor has it expressly prohibited a petitioner from curing technical defects by amendment. To the contrary, NRS 34.735 provides only that a petitioner

[2]96 Nev. 776, 776, 616 P.2d 402, 402 (1980); *see also Sheriff v. Chumphol,* 95 Nev. 818, 603 P.2d 690 (1979); *Sheriff v. Arvey,* 93 Nev. 72, 560 P.2d 153 (1977) (construing the language in NRS 34.370, the general provision governing all habeas corpus petitions, which is identical to the language contained in NRS 34.730).

[3]*Webster's Ninth New Collegiate Dictionary* 257 (1991).

[4]*See generally Kilgore v. State,* 791 S.W.2d 393, 395 (Mo. 1990) (recognizing that the lack of a verification in a post-conviction motion may be corrected in the district court by a subsequent amendment within the timelines for amending such motions set forth by the legislature); *Rodden v. State,* 795 S.W.2d 393, 395 (Mo. 1990) (noting in a post-conviction habeas case, that "[e]ven an essential element of a pleading, like verification, may be added by amendment").

[5]NRS 34.750(5) (emphasis added).

[6]NRS 34.745(1) (emphasis added).

must substantially comply with the instructions included in the form petition.[7]

The State, however, argues that the verification requirement is a jurisdictional one because a proper verification ensures that the allegations contained in the petition are based on merit and truth, protects against the filing of frivolous petitions, and serves the interest of judicial economy.[8] We note however that, in this case, the State does not allege that Miles is attempting to circumvent the verification requirement because his petition contains frivolous or untrue allegations. Moreover, in our view, permitting an improper verification to be cured will serve to promote, rather than hinder, the policy objectives cited by the State. In particular, the district court's resolution of claims presented in a timely filed, non-successive post-conviction habeas petition will reduce the likelihood of subsequent post-conviction proceedings.

In support of its argument that the verification requirement is a jurisdictional requirement that cannot be cured by subsequent amendment, the State also cites to *Matter of Personal Restraint of Benn*[9] and *Shipp v. Multnomah County.*[10] Those cases are inapposite. In *Benn,* the Supreme Court of Washington did not address the verification requirement, but instead disallowed a supplement to the petition adding a new substantive claim *on appeal* because there was no appellate rule allowing that type of amendment.[11] Here, unlike the petitioner in *Benn,* the supplemental petition was filed in the district court and, as previously discussed, the district court has broad statutory authority to permit supplemental filings.

*Shipp,* a civil case involving the tax sale of real property, is also distinguishable.[12] In that case, an Oregon appellate court held that

[7]NRS 34.735 reads: "A petition must be in substantially the following form . . . ." *See also* NRS 34.720; NRS 34.722; NRS 34.724; NRS 34.738. *See generally Hendricks v. Vasquez,* 908 F.2d 490 (9th Cir. 1990). *Cf. Cunningham v. District Court,* 102 Nev. 551, 729 P.2d 1328 (1986) (holding that the district court had no jurisdiction to enter contempt order where no civil or criminal case pending); *Craig v. Harrah,* 65 Nev. 294, 195 P.2d 688 (1948) (holding that the filing of a bill of exceptions is jurisdictional and the subsequent bill of exceptions does not relate back).

[8]*See Shorette v. State,* 402 A.2d 450, 453 (Me. 1979) (noting that a verified petition is "jurisdictional," but not addressing whether a defective verification can be cured by amendment).

[9]952 P.2d 116 (Wash. 1998).

[10]891 P.2d 1345 (Or. Ct. App. 1995).

[11]952 P.2d at 125, 152.

[12]891 P.2d at 1347. The State also relies on another tax case, *Schwartz v. Commissioner of Internal Revenue,* 140 F.2d 956 (9th Cir. 1944), for the contention that the verification requirement is a jurisdictional defect. In that case, however, the Ninth Circuit Court of Appeals declined to consider whether the verification requirement was jurisdictional and also recognized that, under cer-

the circuit court lacked jurisdiction to allow an amendment because the appellant sought the wrong remedy.[13] Specifically, the appellant in *Shipp* had filed a complaint for declaratory judgment, instead of a petition for a writ of review, and the filing of the writ petition was deemed jurisdictional.[14] Unlike in *Shipp*, Miles sought the proper remedy by filing a petition for post-conviction habeas relief. We do agree, however, with one principle espoused in *Shipp*: "Once the [district] court acquires jurisdiction by the timely filing of the petition for the writ, *any defects in the petition may be cured by amendment, even after the [statutory time limit for filing the petition has] elapsed . . . .*"[15]

In this case, the district court granted the State's motion to dismiss, ruling that the inadequate verification was jurisdictional. We conclude that the district court erred. Under Nevada's post-conviction statutory scheme, an inadequate verification is an amendable, not a jurisdictional, defect. Moreover, where, as here, the State did not move to dismiss the petition until: (1) after the 1-year period for filing a timely petition under NRS 34.726 had expired; and (2) counsel had been appointed to represent the petitioner and counsel had filed a supplement to the petition, we conclude the district court should allow the petitioner to amend the petition.[16] Accordingly, we reverse the judgment of the district court and remand this matter to the district court for proceedings consistent with this opinion.[17]

---

tain circumstances, an amended petition can relate back to the date of the filing of the original petition to cure an inadequate verification. *But see Hendricks*, 908 F.2d at 491-92 (holding that the district court erred in "summarily dismissing [post-conviction] habeas petition on the merits" despite the lack of a proper verification).

[13]891 P.2d at 1349-50.

[14]*Id.*

[15]*Id.* at 1349 (emphasis added). We note that many jurisdictions agree with the general principle that an inadequate verification does not divest the district court of jurisdiction to consider a habeas petition. *See, e.g., Hendricks,* 908 F.2d at 491-92; *Lewis v. Connett,* 291 F. Supp. 583, 585 (W.D. Ark. 1968); *Cresta v. Eisenstadt,* 302 F. Supp. 399, 400 (D. Mass. 1969); *Morris v. United States,* 399 F. Supp. 720, 723 (E.D. Va. 1975); *Taylor v. McKune,* 962 P.2d 566, 570 (Kan. Ct. App. 1998); *Kilgore,* 791 S.W.2d at 395.

[16]We emphasize that this opinion in no way limits the district court's discretion to refuse a request to file a supplemental petition adding additional substantive claims or new allegations of good cause. *See generally State v. Haberstroh,* 119 Nev. 173, 180-81, 69 P.3d 676, 681 (2003).

[17]Because we conclude that, under the particular circumstances of this case, the district court should permit an amendment to the petition to correct the defective verification, we need not address whether the supplemental petition filed by counsel substantially complied with the verification requirement. *See* NRS 34.735; *see also Shorette,* 402 A.2d at 453-55 (discussing a verification statute analogous to Nevada's).