An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

FERNANDO NAVARRO HERNANDEZ,
Appellant,
vs.
E.K. MCDANIEL, WARDEN; AND
CATHERINE CORTEZ MASTO,
ATTORNEY GENERAL OF THE STATE
OF NEVADA,
Respondents.

No. 60254

**FILED**

SEP 24 2014


TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a second post-conviction petition for a writ of habeas corpus in a death penalty case. Eighth Judicial District Court, Clark County; Stefany Miley, Judge. Appellant Fernando Navarro Hernandez contends that the district court erred by denying his petition as untimely without conducting an evidentiary hearing on his allegations of good cause and prejudice to overcome the applicable procedural default rules.

"[A] petition that challenges the validity of a judgment or sentence must be filed within 1 year after entry of the judgment of conviction or, if an appeal has been taken from the judgment, within 1 year after the Supreme Court issues its remittitur." NRS 34.726(1). Hernandez filed his second post-conviction petition for a writ of habeas corpus in the district court more than seven years after this court issued its remittitur. Therefore, the petition was untimely.

In order to overcome his failure to file his second petition within 1 year after this court issued its remittitur, Hernandez had the burden of demonstrating: (a) good cause for his failure to present the

SUPREME COURT
OF
NEVADA

(O) 1947A

14-31645

claim in a timely manner and (b) actual prejudice. *See* NRS 34.726(1). Good cause may be demonstrated by showing ineffective assistance of counsel or an impediment external to the defense such as a factual or legal basis for a claim that was not reasonably available or interference by officials making compliance impracticable. *Hathaway v. State*, 119 Nev. 248, 252-53, 71 P.3d 503, 506 (2003). However, good cause arguments must be made in a timely fashion and are also subject to the procedural default rules. *Id.* "Actual prejudice requires [petitioner] to show not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *State v. Eighth Judicial Dist. Court (Riker)*, 121 Nev. 225, 232, 112 P.3d 1070, 1075 (2005) (internal quotations marks omitted). In order to be entitled to an evidentiary hearing, Hernandez must raise claims that are supported by specific factual allegations that are not belied by the record and, if true, would entitle him to relief. *Hargrove v. State*, 100 Nev. 498, 502–03, 686 P.2d 222, 225 (1984). Because Hernandez has failed to present specific factual allegations that would entitle him to relief on any of his claims, the district court did not err by denying him an evidentiary hearing.

Among Hernandez's twenty-one claims for relief,[1] he raised four claims that allege the ineffective assistance of post-conviction counsel. While post-conviction counsel's ineffectiveness may constitute good cause to file claims in a successive petition, those claims are subject to NRS 34.726(1), *Riker,* 121 Nev. at 235, 112 P.3d at 1077; *Pellegrini v. State*, 117 Nev. 860, 869-78, 34 P.3d 519, 525-31 (2001), and must be raised within a reasonable time after they become available, *Hathaway,* 119 Nev. at 252-

---

[1]Six claims raised in Hernandez's successive petition are not raised on appeal.

53, 71 P.3d at 506. Hernandez filed his second post-conviction petition for a writ of habeas corpus in district court on July 7, 2010,[2] 1 year, 5 months, and 4 days after remittitur was issued on the appeal from the order denying his first post-conviction petition. Hernandez contends that this period of delay was reasonable. We disagree.

First, Hernandez contends that he had good cause for the delay because he requested that post-conviction counsel turn over the entire case file in January 2009 but he did not receive the entire file until July 2009, two months after the district court ordered counsel to do so and five months after his claim became available. Although Hernandez's allegations, if true, establish that post-conviction counsel did not transfer the entire case file until five months after remittitur issued, he has not explained how this delay prevented him from filing his petition within a reasonable amount of time. *See Hood v. State*, 111 Nev. 335, 338, 890 P.2d 797, 798 (1995) (concluding that counsel's failure to send appellant his files did not constitute good cause for appellant's procedural default under NRS 34.726(1) because it did not "*prevent* appellant from filing a timely petition" (emphasis added)). Other than arguing that the file was needed "to see what type of investigation was actually conducted" by post-conviction counsel, Hernandez has not presented any specific facts that demonstrate why post-conviction counsel's file was necessary for him to

---

[2]Although Hernandez has only included his July 29, 2010, amended petition, the district court's findings of fact state that Hernandez's original petition was filed on July 7, 2010. The petition's verification did not comply with the requirements of NRS 34.730(1), but a subsequent verification cured the defect in his petition, *see Miles v. State*, 120 Nev. 383, 387, 91 P.3d 588, 590 (2004).

raise any of the claims in his successive petition.[3] Furthermore, the record demonstrates that Hernandez already possessed sufficient information to file his first fourteen-page proper person petition for a writ of habeas corpus in March 2003, and post-conviction counsel's supplemental petition was mailed to Hernandez in Ely State Prison in March 2004. Absent any evidence or argument to the contrary these documents appear to have provided sufficient information for Hernandez to file a successive petition well before July 2010. Post-conviction counsel's failure to timely transfer his file to Hernandez does not provide good cause for Hernandez's delay in filing his petition because Hernandez did not demonstrate that this act prevented him from filing a petition within a reasonable time after the post-conviction counsel claim became available. *Hood*, 111 Nev. at 338, 890 P.2d at 798.

Second, Hernandez contends that he had good cause for the delay because his low average intelligence, difficulty with the English language, brain injury, dementia, and mental illnesses caused him to spend seven months filing groundless and nonsensical motions which were denied before counsel was appointed. The only proper person motions in the record that were filed during the period before counsel was appointed are all dated July 19, 2009, and involve Hernandez's attempt to obtain all of the records, transcripts, and evidence related to his trial from post-conviction counsel, the State, and the district court. Although those motions are clearly not drafted by a lawyer, they do not appear to be groundless and nonsensical but instead have a singular purpose, filing a

---

[3]Because Hernandez failed to make specific factual allegations explaining how counsel caused his delay by failing to transfer the file, he was not entitled to an evidentiary hearing. *See Hargrove*, 100 Nev. at 502, 686 P.2d at 225.

"Federal Habeas Corpus Petition" containing "more than . . . bare naked allegations." Hernandez's decision to focus on filing a federal petition for habeas corpus rather than a state petition does not excuse his delay. *See Colley v. State*, 105 Nev. 235, 773 P.2d 1229, 1230 (1989).

Third, Hernandez contends that he had good cause for the delay because counsel filed the successive state petition nine months after being appointed by the federal district court. Hernandez fails to mention that the same counsel filed a federal petition with almost identical claims seven months earlier. And because Hernandez is not entitled to the appointment of counsel to assist with the filing of a successive petition, *see Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (no federal constitutional right to post-conviction counsel), the appointment of counsel almost eight months after remittitur does not excuse his delay.

Fourth, Hernandez contends that he had good cause for the delay in filing his petition because his counsel was prepared to file the successive State petition immediately after she filed Hernandez's first amended federal habeas petition eleven months after remittitur, but Hernandez's mental illness prevented him from understanding the need to file a successive petition in state court and caused him to refuse to sign a verification. Although Hernandez has presented specific factual allegations that, if true, may demonstrate that he suffers from "organic brain damage" and "a severe and profound mental illness" which includes dissociative and delusional disorders, he does not present any specific factual allegations explaining how these disorders caused him to refuse to verify his successive petition. Hernandez also does not explain how he was able to verify the same successive petition seven months later, despite suffering from the same claimed mental illnesses. Furthermore, had counsel filed the unverified petition in a timely fashion, Hernandez's petition would likely not have resulted in dismissal under *Hathaway*, 119

SUPREME COURT
OF
NEVADA

(O) 1947A

Nev. at 252-53, 71 P.3d at 506. *See Miles*, 120 Nev. at 385, 91 P.3d at 589 (explaining that a properly verified supplemental petition can relate back to the original timely unverified petition). This court has held that organic brain damage and borderline mental retardation does not provide good cause for failing to raise new or different grounds for relief under NRS 34.810. *Phelps v. Dir., Nev. Dep't of Prisons*, 104 Nev. 656, 660, 764 P.2d 1303, 1306 (1988). Hernandez has not provided any reason why this court should depart from that holding with respect to Hernandez's "severe and profound mental illness" and untimely successive petitions under NRS 34.726(1). Without an explanation for how Hernandez's dissociative and delusional disorders prevented him from filing his petition in a reasonable amount of time after remittitur, his mental illness does not excuse his delay in filing his petition.

Fifth, Hernandez contends that he had good cause for the delay because a full investigation, including a complete psychological evaluation by a competent Spanish-speaking neuropsychologist and interviews with family members in Mexico, was needed to demonstrate prejudice from trial counsel's and post-conviction counsel's deficient performance. However, the Spanish-speaking neuropsychologist evaluated Hernandez 10 months after remittitur, and family members in Mexico had been interviewed for the first time before counsel filed Hernandez's amended federal petition, 11 months after remittitur from his appeal from the denial of his first post-conviction petition. Therefore, the scope of the investigation into Hernandez's background and mental health history does not excuse his additional eight-month delay in filing the petition.

Sixth, Hernandez contends that statutory and equitable tolling make his petition timely. Nevada has no statute that "tolls" the procedural default rules and this court has not adopted the doctrine of

SUPREME COURT
OF
NEVADA

(O) 1947A

equitable tolling with respect to the procedural default rules. Furthermore, post-conviction petitions for a writ of habeas corpus are controlled by statute and the Legislature has specifically addressed the time limits for filing a petition and how a petitioner can overcome those limits. Tolling does not excuse Hernandez's failure to file a timely petition.[4]

For these reasons, Hernandez did not file his successive petition within a reasonable amount of time after his ineffective-assistance-of-post-conviction-counsel claims became available and he has not established good cause for his delay. *See Hathaway,* 119 Nev. at 252-53, 71 P.3d at 506. As to Hernandez's remaining non-ineffective-assistance-of-post-conviction-counsel claims, they were untimely, could have been raised in a prior proceeding, and/or failed to allege new or different grounds for relief. *See* NRS 34.726(1); 34.810(1)(b), (2). Hernandez failed to demonstrate good cause and prejudice to overcome the procedural default rules with respect to those claims as well. *See* NRS 34.726(1); NRS 34.810(3); *Hathaway,* 119 Nev. at 252-53, 71 P.3d at 506.[5]

---

[4]Hernandez also contends that the procedural default rules cannot be applied to bar his successive petition because they are not applied in a consistent manner in violation of the equal protection and due process clauses. This court has rejected similar arguments by opinion. *Riker,* 121 Nev. at 235-42, 112 P.3d at 1076-82. Furthermore, Hernandez has not demonstrated that this court applies the procedural default rules in a subjectively discretionary fashion. Therefore, this claim lacks merit.

[5]To the extent Hernandez seeks to raise an actual innocence claim in his reply brief, this court's appellate rules prohibit him from raising any claim for the first time in his reply brief. NRAP 28(c); *see also Elvik v. State,* 114 Nev. 883, 888, 965 P.2d 281, 284 (1998) (explaining that arguments made for the first time in a reply brief prohibit the respondent from responding to appellant's contentions with specificity). Therefore, we do not consider this claim on appeal.

We therefore conclude that the district court did not err by denying Hernandez's untimely and successive petition, and we

ORDER the judgment of the district court AFFIRMED.[6]

_____, C.J.
Gibbons

_____, J.          _____, J.
Pickering                                          Hardesty

_____, J.          _____, J.
Parraguirre                                        Douglas

_____, J.          _____, J.
Cherry                                             Saitta

cc:     Hon. Stefany Miley, District Judge
        Federal Public Defender/Las Vegas
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk

---

[6]Hernandez has submitted a proper person notice of points and authorities concerning his appeal. Because he is represented by counsel in this matter, we decline to grant him permission to file documents in proper person in this court. *See* NRAP 46(b). Accordingly, this court shall take no action on and shall not consider the proper person document Hernandez has submitted to this court in this matter. The clerk of the court is directed to return, unfiled, the proper person document received on October 4, 2012.