IN THE SUPREME COURT OF THE STATE OF NEVADA

EDWARD JOSEPH HONABACH,
Appellant,
vs.
WILLIAM A. GITTERE, WARDEN,
Respondent.

No. 81402

FILED

DEC 17 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER OF REVERSAL AND REMAND*

This is a pro se appeal from a district court order denying Edward Honabach's postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Jerry A. Wiese, Judge. We conclude that the district court erred in resolving the petition filed by counsel which had not been authorized by Honabach and had been filed after his counsel had withdrawn from representing him.

On March 28, 2019, the district court convicted Honabach, pursuant to a guilty plea, of one count of first-degree kidnapping resulting in substantial bodily harm and sentenced Honabach to life in prison without the possibility of parole. Honabach filed a timely notice of appeal. Trial counsel withdrew from representation shortly after the judgment was entered, and the district court appointed Travis Akin as appellate counsel. Akin subsequently filed a notice of withdrawal of appeal, stating that he had explained the consequences of withdrawing the appeal and that Honabach consented to the voluntary dismissal. Based on this notice, this court granted the request and dismissed the appeal. *Honabach v. State*, No. 78694, 2019 WL 4013641 (Nev. Aug. 23, 2019) (Order Dismissing Appeal). Several months later, Honabach wrote to this court complaining that he had not consented to the withdrawal of his direct appeal. Akin responded that he was still the attorney of record, that he sought to dismiss the appeal for reasons discussed with his client, and that he was planning on filing a

Z1-35992

postconviction petition for a writ of habeas corpus. Because the dispute over whether Akin advised Honabach of the consequences of withdrawing the appeal and whether Honabach agreed to the withdrawal involved claims of ineffective assistance of counsel that had to be raised in the district court in the first instance, this court determined that the appeal should remain dismissed. *Honabach v. State*, Docket No. 78694 (Order, March 11, 2020). On March 1, 2020, while this court was considering Honabach's letter and Akin's response, Akin filed a motion to withdraw as counsel in the district court citing an insurmountable conflict of interest and that he had taken a job at a law firm and no longer had the time to represent Honabach. The district court considered the motion on March 12, 2020, but for reasons not apparent in the record, determined that the motion to withdraw was moot as it had been previously granted.[1]

Subsequently, on March 27, 2020, Akin filed a postconviction petition for a writ of habeas corpus purportedly on behalf of Honabach. On the face of the petition, Akin noted a withdrawal motion had been filed but that he was filing the petition out of an abundance of caution given the one-year time limit to file a petition. Akin, referring to Honabach as his former client, further requested that the court replace him with a new attorney to supplement the petition. The petition prepared by Akin raised two claims: that Honabach's guilty plea was invalid because he did not know he would receive a sentence of life in prison without the possibility of parole, and that his counsel was ineffective for not advising him of the maximum sentence. Akin did not raise any claims relating to the dismissal of the appeal. The

---

[1]It appears the district court may have confused Akin's motion to withdraw with Honabach's earlier October 2019 motion relating to his trial counsel's withdrawal from representation.

district court denied the petition without clarifying whether counsel was authorized to file the petition after he had withdrawn, appointing new counsel, or allowing Honabach to supplement the petition. This appeal followed.[2]

Honabach argues that the district court improperly considered the petition filed by Akin, which he did not authorize to be filed and which was filed after Akin had withdrawn from representing him. Honabach argues the district court should have allowed him to supplement the petition after the appointment of new counsel.

NRS 34.730(1) provides that if counsel verifies a petition in place of a petitioner, he must verify that "the petitioner personally authorized counsel to commence the action." Here, Akin acknowledged on the face of the petition that he had already withdrawn as counsel when he submitted the petition. While Akin's concern about the running clock on Honabach's time to file a petition is commendable, it does not supplant the authorization requirement in NRS 34.730(1).[3] And given Akin's actions in filing the petition and requesting the appointment of new counsel, it is

---

[2]The State argues that this court is without jurisdiction because Honabach makes the same arguments he raised in a motion to reconsider that he filed in district court. We disagree. Honabach appealed from the order denying the postconviction habeas petition, which is an appealable order pursuant to NRS 34.575(1).

[3]We note that both Akin and the district court believed that a petition had to be filed within one year from entry of the judgment of conviction. But as we made clear in the order dismissing Honabach's timely direct appeal, he had one year from that order to file a timely postconviction habeas petition. *See Honabach*, 2019 WL 4013641, at *1 n.1 ("Because no remittitur will issue in this matter, *see* NRAP 42(b), the one-year period for filing a post-conviction habeas corpus petition under NRS 34.726(1) shall commence to run from the date of this order.").

understandable and reasonable that Honabach did not file a pro se petition or motion for appointment of counsel. *See Hathaway v. State*, 119 Nev. 248, 254, 71 P.3d 503, 507 (2003) (recognizing that a petitioner would reasonably not file a petition when he believed counsel was pursuing a direct appeal). In these circumstances, rather than resolving the petition submitted by Akin, the district court should have clarified whether Honabach wanted to proceed on the petition submitted by Akin, supplement the petition, or request the appointment of postconviction counsel pursuant to NRS 34.750(1).[4] Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[5]

_____, C.J.
Hardesty

_____, J.          _____, Sr.J.
Herndon                               Gibbons

---

[4]Despite the problems with the authorization, we conclude that the petition filed by Akin stopped the clock on the deadline to file a timely postconviction petition such that any supplemental pleadings would be timely in this case. *See State v. Powell*, 122 Nev. 751, 756-58, 138 P.3d 453, 457-58 (2006) (recognizing that a supplemental petition relates back to the filing date of the original petition); *Miles v. State*, 120 Nev. 383, 387, 91 P.3d 588, 590 (2004) (holding that the failure to verify a petition is an amendable defect).

[5]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.

cc: Hon. Jerry A. Wiese, District Judge
Edward Joseph Honabach
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk