DONALD RICHARD HOOD, APPELLANT, v.
THE STATE OF NEVADA, RESPONDENT.

No. 25344

March 2, 1995

890 P.2d 797

*Donald R. Hood,* In Proper Person, Ely, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Stewart L. Bell,* District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from an order of the district court denying appellant's post-conviction petition for a writ of habeas corpus.

Appellant Donald Richard Hood was charged with the murder of his ex-wife. Appellant entered into a written agreement with the state to plead guilty to one count of second degree murder. The plea agreement provided that appellant waived his right to appeal from his conviction and his right to pursue any post-conviction remedies, including a writ of habeas corpus.

The district court entered a judgment of conviction against appellant on November 19, 1991, for one count of second degree murder, and sentenced appellant to a term of life in the Nevada State Prison with the possibility of parole after five years. Appellant did not appeal from his judgment of conviction.

On March 1, 1993, appellant filed in the district court a petition for a writ of habeas corpus. Although appellant's petition was not filed within one year of his judgment of conviction as required by NRS 34.726(1), appellant argued that good cause existed for the late filing because his trial counsel refused to send him his files. As grounds for relief, appellant contended that his trial counsel was ineffective for failing to pursue available defenses.

The district court denied appellant's petition without appointing counsel or conducting an evidentiary hearing. The district

court ruled that appellant failed to show good cause for filing an untimely petition. In addition, the district court concluded that appellant knowingly waived his right to pursue post-conviction relief. The district court also determined that appellant entered his plea knowingly and voluntarily after considering all possible defenses. This appeal followed.

In Cruzado v. State, 110 Nev. 745, 879 P.2d 1195 (1994), we ruled that a criminal defendant may waive the right to an appeal as part of a plea agreement. We did not address in that case whether a defendant may waive the right to pursue post-conviction remedies. We now conclude that a defendant cannot waive his or her rights to post-conviction remedies as part of a plea agreement.

Post-conviction remedies differ significantly from a direct appeal. Unlike a direct appeal, post-conviction proceedings collaterally attack the constitutional validity of the conviction, or the legality of continued confinement on a basis other than the manner in which the conviction was obtained. It would be unconscionable for the state to attempt to insulate a conviction from collateral constitutional review by conditioning its willingness to enter into plea negotiations on a defendant's waiver of the right to pursue post-conviction remedies.

If post-conviction remedies could be waived, the state could prevent a defendant from challenging an involuntary guilty plea or a conviction entered without jurisdiction. Although we do not suggest that the state would act in bad faith in obtaining convictions, we must recognize that it has been a historical function of the courts to construe the limits of legal prosecution under the statutory and constitutional law. On occasion, it has been necessary for courts to curb prosecutorial abuses, or to construe the law in a manner inconsistent with the views of prosecutorial authorities. These judicial functions would be impaired, and the lack of judicial review could raise doubts concerning the constitutional validity of criminal judgments.

Accordingly, to the extent that the district court relied on appellant's waiver of his right to post-conviction remedies as a basis for denying his petition for a writ of habeas corpus, the district court erred. We conclude nevertheless that the district court properly denied appellant's petition. Pursuant to NRS 34.726(1), appellant was required to bring his petition for a writ of habeas corpus within one year after entry of his judgment of conviction or justify the delay by a showing of good cause and the existence of undue prejudice as a result of dismissing the petition.

Counsel's failure to send appellant his files did not prevent appellant from filing a timely petition, and thus did not constitute good cause for appellant's procedural default. *See* Phelps v. Director, Prisons, 104 Nev. 656, 764 P.2d 1303 (1988). Further, the issue raised by appellant—that counsel did not pursue available defenses—is belied by the record and was properly found by the district court to be without merit.

Having reviewed the record on appeal, and for the reasons set forth above, we conclude that appellant cannot demonstrate reversible error in this appeal, and that briefing and oral argument are unwarranted. *See* Luckett v. Warden, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975), *cert. denied,* 423 U.S. 1077 (1976). Accordingly, we affirm the district court's order denying appellant's petition for a writ of habeas corpus.