CHARLES CHRISTOPHER BLALARK, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 26550

June 24, 1996         918 P.2d 1314

*Lee Elizabeth McMahon,* Las Vegas, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Stewart L. Bell,* District Attorney, Clark County, for Respondent.

## OPINION

By the Court, STEFFEN, C. J.:

On August 27, 1993, in district court case no. C114703, appellant was charged by criminal information with one count of battery with intent to commit sexual assault, one count of sexual assault, one count of aiming a firearm at a human being, and one count of first degree kidnapping. A jury trial was held in June, 1994. On June 22, 1994, the jury found appellant guilty of one count each of battery with intent to commit sexual assault and sexual assault. Appellant filed a notice of appeal on October 18, 1994, and a judgment of conviction was entered on November 14, 1994. Appellant filed his opening brief on May 22, 1995.

In a subsequent case, appellant was charged again with one count of battery with intent to commit sexual assault which allegedly occurred on September 30, 1993. In this subsequent case, appellant pleaded guilty and waived his right to appeal his conviction in both the subsequent case and in case no. C114703, the case which is the subject of this appeal. Appellant signed the plea agreement on May 17, 1995, and it was filed on May 25, 1995.

On July 7, 1995, the state filed in this court a motion to dismiss this appeal from case no. C114703 on the ground that appellant waived his right to appeal in the plea agreement. Appellant filed an opposition on July 24, 1995, asserting that the waiver in the plea agreement cannot be enforced as to this case because he filed his notice of appeal prior to signing the plea agreement, and he filed his opening brief in this court before the plea agreement was filed in the district court. Therefore, appellant contends that he could not have waived his right to appeal because, by filing a notice of appeal, he had already exercised such right.

This court has determined that a "knowing and voluntary waiver of the right to appeal made pursuant to a plea bargain is valid and enforceable." Cruzado v. State, 110 Nev. 745, 747, 879 P.2d 1195, 1195 (1994). We now conclude that a defendant can, in a subsequent case, waive his right to maintain a pending appeal from a previous conviction. In Hood v. State, 111 Nev. 335, 890 P.2d 797 (1995), we determined that a defendant cannot waive his or her rights to post-conviction remedies as part of a plea bargain. *Hood* has no application to this matter. In this case

appellant waived his right to a direct appeal, but did not waive his right to seek post-conviction relief. Accordingly, because appellant may still seek post-conviction relief, we have not, as the dissent asserts, permitted the state to insulate appellant's conviction from appellate review. Consequently, if appellant's waiver in the subsequent case was knowing and voluntary, he has waived his right to appeal this conviction.

Appellant's waiver states as follows: "Further, the Defendant expressly waives and permanently gives up any right he now has to appeal his conviction on these charges or any portion thereof, as well as the charges in Case No. C114703. This waiver is consistent with the law as expressed in Cruzado v. State, 110 Nev. 745, 879 P.2d 1195 (1994)." The agreement further states that no one has made any promises or threats to appellant to induce him to enter the plea and that the plea is free and voluntary. Additionally, the plea agreement states that appellant understands the elements of the charged crime (battery with intent to commit a sexual assault), the possible punishment for such a charge, and that appellant is satisfied with the services of his attorney.

We conclude that appellant's waiver was entered knowingly and voluntarily and is, therefore, valid and enforceable. Further, the waiver is not rendered invalid by the fact that appellant had already filed a notice of appeal when he signed the plea agreement waiving his right to appeal. Appellant could have simply filed a voluntary motion to dismiss his appeal. Accordingly, we grant the state's motion and we dismiss this appeal.

YOUNG, SHEARING, and ROSE, JJ., concur.

SPRINGER, J., dissenting:

The State is being permitted to use its coercive power in a pending case to force a defendant to waive his right of appeal in another, unrelated case. In Hood v. State, 111 Nev. 335, 890 P.2d 797 (1995), we held that a defendant cannot waive his or her rights to post-conviction remedies as part of a plea agreement. We further stated in *Hood* that "[i]t would be unconscionable for the state to attempt to insulate a conviction from collateral constitutional review by conditioning its willingness to enter into plea negotiations on a defendant's waiver of the right to pursue post-conviction remedies." *Id.* at 337, 890 P.2d at 798. Although appellant only waived his right to appeal and not his right to post-conviction remedies, the majority opinion essentially permits the State to insulate appellant's conviction from appellate review. I do not think that this is fair or proper; therefore, I dissent.