[No. D029871. Fourth Dist., Div. One. Aug. 2, 1999.]

THE PEOPLE, Plaintiff and Respondent, v.
LUIS RAMON APARICIO, Defendant and Appellant.

## COUNSEL

Steven Schorr, under appointment by the Court of Appeal, for the Defendant and Appellant.

Daniel E. Lungren and Bill Lockyer, Attorneys General, George Williamson and Robert L. Mukai, Chief Assistant Attorneys General, Gary W. Schons

and Margaret A. Rodda, Assistant Attorneys General, and Randall D. Einhorn, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**O'ROURKE, J.**—A jury found defendant Luis Ramon Aparicio guilty of burglary of a vehicle (Pen. Code,[1] § 459); attempted unlawful driving or taking of a vehicle (Veh. Code, § 10851, subd. (a)); possession of paraphernalia used for narcotics (Health & Saf. Code, § 11364) and resisting an officer (§ 148, subd. (a)). The jury found Aparicio not guilty of petty theft (§ 484). The court found to be true allegations that Aparicio had two prior serious and violent felony convictions (§ 667, subds. (b)-(i)) and two prior prison term convictions (§ 667.5, subd. (b)). The court sentenced Aparicio to 27 years to life in state prison.

When the court clerk announced the verdict on the vehicular burglary charge, Aparicio reacted violently and had to be restrained by courtroom bailiffs. As a result of that altercation, Aparicio was charged in superior court case No. SCD130314 with felony attempted escape from custody with force (§ 4532, subd. (b)); two counts of resisting an officer and attempting to remove a firearm from an officer (§ 148, subd. (d)); three counts of battery on a peace officer (§ 243, subd. (b)); and resisting an executive officer (§ 69). In addition, two prior serious and violent felony convictions and two prior prison term convictions were alleged against Aparicio.

Aparicio entered into a plea agreement in the second case. Under that agreement he pled guilty to the charges and waived his right to appeal his convictions in the *instant* case in exchange for the dismissal of the two "strike" priors, resulting in a sentence of four years in state prison to be served consecutively to the term imposed in the instant case.[2] Seeking to enforce the plea agreement, the People have filed a motion in this court to dismiss the instant appeal. We grant the People's motion and dismiss the appeal.

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

[2] In the instant appeal, Aparicio contends (1) the court committed prejudicial error by admitting fingerprint evidence that was not disclosed to the defense until the middle of trial; (2) he was denied his due process right to a fair trial because the People concealed and suppressed the identity of a material witness; and (3) the court committed reversible error by denying his request for a *Marsden* (*People* v. *Marsden* (1970) 2 Cal.3d 118 [84 Cal.Rptr. 156, 465 P.2d 44]) hearing.

## DISCUSSION

■ " 'When a guilty [or nolo contendere] plea is entered in exchange for specified benefits such as the dismissal of other counts or an agreed maximum punishment, both parties, including the state, must abide by the terms of the agreement.' . . . Just as a defendant may affirmatively waive constitutional rights to a jury trial, to confront and cross-examine witnesses, to the privilege against self-incrimination, and to counsel as a consequence of a negotiated plea agreement, so also may a defendant waive the right to appeal as part of the agreement." (*People* v. *Panizzon* (1996) 13 Cal.4th 68, 80 [51 Cal.Rptr.2d 851, 913 P.2d 1061].) As the Court of Appeal noted in *People* v. *Vargas* (1993) 13 Cal.App.4th 1653, 1659 [17 Cal.Rptr.2d 445]: "The right to appeal a criminal conviction has no roots in the United States or California Constitutions and is a statutory right only. [Citations.] If a defendant may waive important constitutional rights by pleading guilty, it follows a fortiori that a defendant may expressly waive his statutory right to appeal as part of a plea agreement . . . ."

■ "To be enforceable, a defendant's waiver of the right to appeal must be knowing, intelligent, and voluntary. [Citations.] Waivers may be manifested either orally or in writing. [Citation.] The voluntariness of a waiver is a question of law which appellate courts review de novo." (*People* v. *Panizzon*, *supra*, 13 Cal.4th at p. 80.)

■ After Aparicio's counsel in the subsequent case informed the court that Aparicio was willing to waive his right to appeal in the instant case, the following exchange occurred:

"The court: Now I have been advised by your attorney, and you've heard [your attorney] represent to me, that at this point in time you are prepared to waive your right to appeal in SF113576, a case in which you have been sentenced to twenty-seven years to life. Is that what you want to do?

"[Aparicio]: Yes, sir. Yes.

"The court: So you understand that that sentence will remain intact and that that will be your sentence because you're giving up your right to appeal. Do you understand that?

"[Aparicio]: Yes, sir. Can I address you before you sentence me again?

"The court: Yes. The answer to that question is yes. I just want to make sure you understand that by giving up your right to appeal in the South Bay

case you will serve the sentence of twenty-seven years to life before you'll be eligible for parole. Do you understand that?

"[Aparicio]: Yeah.

"The court: All right. Now, do you have any questions about that?

"[Aparicio]: Kind of. No. That's okay.

"The court: Well, if you've got a question, sir, I mean it's very important. As we discussed . . . and you should be aware that a twenty-five, in this case a twenty-seven year-to-life sentence will probably mean that you are going to serve between fifteen and twenty years before you're eligible for parole.

"[Aparicio]: Yeah.

"The court: So it's a significant matter, and I want to make sure that you and [your counsel] have had enough time to discuss it. Is there anything else you would like to discuss with him?

"[Aparicio]: No sir.

"[The prosecutor]: Your honor, just to correct the record, I believe there's case law under a twenty-five-[year-]to-life case you actually serve an actual twenty-five years before you are eligible for parole. So I think we should advise Mr. Aparicio that he will be actually be serving twenty-five years before he is eligible for a parole date.

"The court: Well, there's some disagreement on that, but I think out of an abundance of caution you're absolutely correct. So you understand, then, and I don't have anything to do with that case, but I just want to make sure you understand by giving up your appeal rights, that is the sentence you'll serve. And as the People have just disclosed, you're going to serve twenty-five years before you're eligible for parole. Do you understand that?

"[Aparicio]: Yeah. I feel like an awkward situation, you know.

"The court: Certainly it's awkward.

"[Aparicio]: You know, I was kind of like, you know, I was explaining to my lawyer that, you know, I was put in a situation with the case, you know, the case I was in, you know, and then I feel kind of bad because I got into a little—I got into a scuffle behind that case with the marshals, you know.

And, you know, I really regret that, you know. You know, that I even, you know, intended.

"The court: That's the reason we need to clarify this, Mr. Aparicio, because as a practical matter,—

"[Aparicio]: 'Cause it was just a, you know,—

"The court: Well, it was more than that. Let's call it what it is. If you decide to go to trial, the likelihood is you're going to be convicted of a forceful effort to escape. If the jury of citizens that looks at that videotape [of the courtroom altercation] looks at it the way I, your lawyer, and the district attorney all looked at it, you will end up with another twenty-seven-year-to-life sentence that by law must be consecutive to the twenty-seven-year-to-life sentence that is already in existence. So if you're not successful on your appeal, in essence you will spend the rest of your natural life in prison.

"[Aparicio]: Yes sir.

"The court: Now, what's being offered to you is an offer that clears up the whole thing because there would be no appeal to your lower court sentence which is twenty-seven years to life. I'll set the term on the escape consecutive, and we will argue what the number is. I've already told you the maximum number is eight, and the minimum number is two. But that will be served after you serve the twenty-seven-years-to-life case.

"[Aparicio]: Yes sir.

"The court: All right. Now, we have to start over again. Do you understand that I'm willing to allow you on this case, the escape case, to go back to square one and start over again, in other words, go to trial?

"[Aparicio]: Yes sir, I understand that.

"The court: Do you understand that if you go along with the plea agreement that is being offered by the People today, you will serve the twenty-seven-year-to-life sentence before you serve whatever years I give you here? Do you understand that?

"[Aparicio]: Yes sir.

"The court: All right. Do you have any more questions you would like to either ask me, the district attorney, or the district attorney or your lawyer?

"[Aparicio]: No, sir.

"The court: All right. Do you, then, at this time formally give up your right to appeal your conviction and sentence in case number SF113576?

"[Aparicio]: Yes, sir. Three strikes, yes, sir.

"The court: The South Bay case that you are serving twenty-seven years to life on,—

"[Aparicio]: Yes sir.

"The court: —Do you give up your right to appeal?

"[Aparicio]: Yes, sir.

"The court: All right. People satisfied or are there additional areas that you would like me to cover?

"[The prosecutor]: No, your honor. I think we're satisfied with that.

"The court: Counsel, do you join with your client in the waiver of appeal as a condition of the plea bargain in this case?

"[Defense counsel]: Based on all the facts and circumstances of both cases, your honor, the court's statements to my client, and my client's independent decision to withdraw his rights to an appeal in the South Bay case, yes."

We set forth this relatively lengthy exchange because it shows that Aparicio's "independent decision" to waive his right to appeal his convictions in the instant case was not coerced, and that the court went to great lengths to make sure Aparicio fully understood the consequences of the waiver. Aparicio suggests the waiver is unenforceable because it was made in a subsequent case rather than in the instant case. Although we are aware of no California reported case that specifically addresses whether a defendant can waive the right to appeal a previous conviction as part of a plea bargain in a later case, we see no reason to hold that such a waiver is unenforceable. We note that courts in other jurisdictions have enforced such waivers. (See, e.g., *Blalark* v. *State* (1996) 112 Nev. 795 [918 P.2d 1314]; *Freeman* v. *State* (Tex.Crim.App. 1995) 913 S.W.2d 714.)

The record clearly establishes that Aparicio, as part of his plea bargain in the subsequent attempted escape case, knowingly, intelligently and voluntarily waived his right to bring the instant appeal. Aparicio must be held to his bargain.

## DISPOSITION

The People's motion to dismiss the appeal is granted.

Huffman, Acting P. J., and Joseph, J.,* concurred.

Appellant's petition for review by the Supreme Court was denied November 10, 1999.

---

*Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.