Filed 4/17/13  P. v. Aguilar CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B238748 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA046027) |
| v. | |
| DONALDO AGUILAR, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Lisa M. Chung, Judge.  Dismissed.

Katharine Eileen Greenebaum, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Steven E. Mercer, Deputy Attorney General, for Plaintiff and Respondent.

Defendant, Donaldo Aguilar, entered into a plea bargain whereby he waived his right to appeal his conviction and sentence. Charged with special circumstances murder, defendant agreed to testify against his accomplices. In exchange, he was permitted to plead no contest to voluntary manslaughter and kidnapping and admit the truth of a firearm use allegation. After being sentenced in full compliance with the plea bargain, defendant appealed.

We raised the issue of whether defendant waived his right to appeal. Because we have a duty to raise issues concerning our own jurisdiction on our own motion, we issued an order to show cause concerning possible dismissal of defendant's appeal. (*Jennings v. Marralle* (1994) 8 Cal.4th 121, 126; *Olson v. Cory* (1983) 35 Cal.3d 390, 398; see *Sullivan v. Delta Air Lines, Inc.* (1997) 15 Cal.4th 288, 307 ["Even if defendant had not raised the point at all, we would have been bound to do so on our own motion if we had any doubt as to the finality of the judgment appealed from."].) Defendant has waived his right to appeal and the proper course is to dismiss his appeal. (*People v. Panizzon* (1996) 13 Cal.4th 68, 80, 84; *People v. Aparicio* (1999) 74 Cal.App.4th 286, 292; *People v. Nguyen* (1993) 13 Cal.App.4th 114, 124.)

There is no merit to defendant's contention that his waiver of the right to appeal his conviction and sentence was not knowing, intelligent and voluntary. Defendant was represented by counsel. Above defendant's signature, the following appears: "This Leniency Agreement letter was read to me by a certified Spanish language interpreter in the presence of my attorney. I have discussed the agreement with my attorney using a certified Spanish language interpreter. I understand everything stated in the agreement. I accept the agreement and the conditions stated in this letter. I understand the consequences to me should I fail to fulfill the terms and conditions of the agreement. I do this freely and voluntarily. No threats have been made, and no promises other than those outlined in the letter have been made to my family or me by anyone." Prior to pleading no contest, defendant was expressly orally advised he was waiving his right to appeal his conviction and sentence. Prior to pleading no contest, defendant was asked whether he had any other questions. Defendant responded: "No. That was it." Defendant then pled

2

no contest and admitted a special allegation.  There is no basis for concluding defendant did not knowingly, intelligently and voluntarily waived his right to appeal.

The appeal is dismissed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


TURNER, P. J.


We concur:


ARMSTRONG, J.


MOSK, J.

3