An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

PETER DANIEL PETROSKY, SR.,
Appellant,
vs.
JACK PALMER,
Respondent.

No. 63442

**FILED**

APR 1 0 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY R. Malone
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Jerome Polaha, Judge.

Appellant filed his petition on December 2, 2009. Appellant's petition was successive because he had previously filed a post-conviction petition for a writ of habeas corpus, and it constituted an abuse of the writ as he raised claims new and different from those raised in his previous petition.[1] *See* NRS 34.810(1)(b)(2); NRS 34.810(2). Appellant's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.810(1)(b); NRS 34.810(3).

In an order issued on February 27, 2012, the district court concluded that appellant demonstrated good cause because appellant did not receive his file from trial counsel until November 13, 2009, after his

---

[1]*Petrosky v. Warden*, Docket No. 54487 (Order of Affirmance, May 10, 2010).

14-11565

first petition had been denied by the district court. Specifically, the district court found good cause to hear appellant's claim that trial counsel was ineffective for telling appellant to take the plea offer without doing an adequate investigation. After an evidentiary hearing, the district court determined that appellant failed to demonstrate prejudice. This appeal followed.

We conclude that the district court erred in determining that appellant had demonstrated good cause. The failure of counsel to send appellant his files did not establish good cause in this case for appellant's procedural default. *See Hood v. State*, 111 Nev. 335, 338, 890 P.2d 797, 798 (1995). We note that appellant filed his first petition before receiving his case file, which he received within the one year time period. Further, appellant was represented by counsel for his first petition, and there is no explanation why first post-conviction counsel could not have obtained the case file and presented the claims in his first petition.[2] Therefore, the failure to file all of his claims in his first petition was not caused by an impediment external to the defense. *Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003). Further, piecemeal litigation is not permitted, and NRS 34.810 does not contemplate being able to file two timely petitions. Thus, appellant failed to demonstrate good cause.

---

[2]We note that ineffective assistance of post-conviction counsel is not good cause to overcome the procedural bars. *Crump v. Warden*, 113 Nev. 293, 303 n.5, 934 P.2d 247, 253 n.5 (1997); *McKague v. Warden*, 112 Nev. 159, 164, 912 P.2d 255, 258 (1996).

In addition to failing to demonstrate good cause, appellant failed to demonstrate prejudice because he failed to demonstrate that his ineffective assistance of counsel claim had merit. To prove ineffective assistance of counsel sufficient to invalidate a judgment of conviction based on a guilty plea, a petitioner must demonstrate that his counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, petitioner would not have pleaded guilty and would have insisted on going to trial. *See Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Kirksey v. State*, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996). Both components of the inquiry must be shown. *Strickland v. Washington*, 466 U.S. 668, 697 (1984).

Appellant's claim was essentially that counsel did not inform him or investigate the fact that the child victims were reluctant to accuse appellant. Appellant failed to demonstrate prejudice because he failed to demonstrate a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial. Appellant testified at the evidentiary hearing that he knew, prior to pleading guilty, that the children were reluctant to accuse him because they informed him of that fact after their interviews. Further, trial counsel testified that he discussed the police reports with appellant prior to him pleading guilty. The district court concluded that trial counsel was credible and that appellant was not credible and substantial evidence supports the decision of the district court. *See Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004); *Riley v. State*, 110 Nev. 638, 647, 878 P.2d 272, 278 (1994). Therefore, the district court did not err in determining that appellant

failed to demonstrate prejudice. Further, we conclude that the remainder of appellant's petition was procedurally barred and appellant failed to demonstrate good cause and prejudice to overcome the procedural bars. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc:    Hon. Jerome Polaha, District Judge
Federal Public Defender/Las Vegas
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A