An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

MARK ROBERT COLLINS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64433

**FILED**

APR 10 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Jennifer P. Togliatti, Judge.

Appellant filed his petition on April 1, 2013, more than two years after entry of the judgment of conviction on September 2, 2010. Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Appellant's petition was procedurally barred absent a demonstration of good cause—cause for the delay and undue prejudice. *See id.*

Appellant claimed that he had cause for the delay because his trial counsel passed away before the sentencing hearing. As trial counsel passed away prior to the filing of the judgment of conviction and the

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-11381

commencement of the one-year deadline, appellant's claim does not constitute good cause to excuse an untimely petition. Therefore, the district court did not err in denying this claim.

Next, appellant claimed that he had cause for the delay because replacement counsel refused to file a notice of appeal from the judgment of conviction. Appellant failed to demonstrate that this claim could not have been raised in a timely petition. *Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003). Appellant did not allege that he believed counsel had filed an appeal and only recently learned that counsel had not. *See id.* at 255, 71 P.3d at 508. In fact, he claimed that counsel specifically refused to file the appeal. Therefore, the district court did not err in denying this claim.

Next, appellant claimed that he had cause for the delay because replacement counsel refused to file a petition for a writ of habeas corpus and waited more than a year to withdraw as counsel in order to prevent appellant from filing a timely petition, as appellant was unable to file documents while represented.[2] Appellant failed to demonstrate that

---

[2]To the extent that appellant claimed he had cause for the delay because of inadequate legal assistance in that an inmate law clerk informed appellant he could not file documents while represented, appellant failed to demonstrate his claims could not have been raised in a timely manner. *See Phelps v. Dir., Nev. Dep't of Prisons*, 104 Nev. 656, 660, 764 P.2d 1303, 1306 (1988) (holding that petitioner's claim of organic brain damage, borderline mental retardation and reliance on assistance of inmate law clerk unschooled in the law did not constitute good cause for the filing of a successive post-conviction petition).

an impediment external to the defense precluded him from raising this claim in a timely manner. *Id.* at 252, 71 P.3d at 506. Further, appellant waited more than eighteen months after the end of the one-year time period to file a timely petition before filing his petition. Therefore, even assuming counsel's alleged refusal to file a petition for a writ of habeas corpus could be good cause, appellant failed to demonstrate cause for the entire length of his delay.[3] Therefore, the district court did not err in denying this claim.

Lastly, appellant claimed that he had cause for the delay because replacement counsel did not send appellant his case file until seven months after counsel withdrew. Appellant failed to demonstrate cause because counsel's alleged failure to provide appellant with his file would not have prevented appellant from filing a timely petition. *Hood v. State*, 111 Nev. 335, 338, 890 P.2d 797, 798 (1995). Further, appellant waited more than six months after the end of the one-year time period for filing a timely petition before petitioning the district court for the production of documents from his former counsel. Therefore, even assuming the lack of a case file could be good cause, appellant failed to demonstrate cause for the entire length of his delay, and the district court

---

[3]Even assuming, as appellant claimed and as is addressed *infra*, that the delay in receiving his case file demonstrated good cause for the delay, appellant failed to demonstrate cause for the entire length of his delay.

did not err in denying the petition as procedurally barred.[4]  Accordingly, we

ORDER the judgment of the district court AFFIRMED.[5]

_____Pickering_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc:   Hon. Jennifer P. Togliatti, District Judge
      Mark Robert Collins
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk

---

[4]We conclude that the district court did not abuse its discretion in declining to appoint counsel for the instant petition. *See* NRS 34.750(1).

[5]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.