# IN THE SUPREME COURT OF THE STATE OF NEVADA

WILLIE RAY LEWIS,
Appellant,
vs.
ROBERT LEGRAND, WARDEN,
Respondent.

No. 66985

FILED

FEB 1 0 2016



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from an order of the district court denying appellant's postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

Appellant Willie Ray Lewis was convicted in 2006 of 41 counts of sexual assault with a minor under 16 years of age, 3 counts of lewdness with a minor under 16 years of age, and 1 count of attempted sexual assault with a minor under 16 years of age. Following direct appeal, this court reversed 36 counts of the sexual assault conviction for insufficient evidence and affirmed the remaining convictions. *Lewis v. State*, Docket No. 47630 (Order Affirming in Part, Reversing in Part and Remanding, August 7, 2007). Remittitur issued on September 4, 2007.

Lewis filed a timely pro se petition for a writ of habeas corpus on October 16, 2007. The district court denied his petition without conducting an evidentiary hearing. On appeal this court affirmed in part and reversed in part, holding that the district court erred in failing to conduct an evidentiary hearing on Lewis's allegations that trial counsel failed to interview and investigate certain witnesses. *Lewis v. State*, Docket No. 50872 (Order Affirming in Part, Reversing in Part and

16-04397

Remanding, June 18, 2009). This court remanded to the district court for an evidentiary hearing limited to how counsel prepared Mekedes Fransiscos, considering that her testimony at trial did not support counsel's opening argument, and Lewis's allegations that counsel was ineffective for failing to interview and present testimony from Pamela McCoy, Mack Sims, Jr., and Charlie Scott. *Id.* at 7-9.

The district court held an evidentiary hearing in 2009 at which Lewis appeared pro se and questioned his trial counsel on her investigation as it pertained to the relevant potential witnesses. Lewis moved for the appointment of counsel, and the district court held a hearing and denied the motion. During the evidentiary hearing, the district court explained that appointed counsel was not necessary because the limited purpose of the remand meant that the hearing would be relatively simple. The district court stated that it would appoint counsel if it became necessary and later noted that Lewis was "doing fine" in pursuing his questions. The district court found that counsel's performance was not deficient and that Lewis had not shown prejudice and denied the petition. This court affirmed the district court's order. *Lewis v. State*, Docket No. 55305 (Order of Affirmance, June 9, 2010).

On June 29, 2010, Lewis, acting pro se, filed a second state postconviction petition. The district court denied this petition, finding that Lewis had not demonstrated good cause to overcome the procedural bars and that the law-of-the-case doctrine prevented Lewis from relitigating matters previously decided. This court affirmed the district court's order. *Lewis v. State*, Docket No. 56652 (Order of Affirmance, March 17, 2011).

 

On May 12, 2011, Lewis filed a pro se petition for a writ of habeas corpus in federal district court, and the federal public defender's office was appointed to represent him. The federal district court granted Lewis a stay to exhaust his remaining state claims on June 2, 2014.

On July 17, 2014, Lewis, represented by counsel, filed the instant petition, his third state postconviction petition for a writ of habeas corpus. Lewis argued that his trial counsel provided ineffective assistance of counsel for failing to interview, prior to trial, the victims and several potential witnesses that he identified to counsel. The district court denied his claim as time-barred and successive and found that Lewis had not shown good cause or prejudice to excuse the procedural bars.

Lewis filed the instant petition more than six years after issuance of remittitur on his direct appeal. Thus, his petition was untimely filed. *See* NRS 34.726(1). Lewis's claim that counsel was ineffective for failing to investigate and interview the potential witnesses that he identified to counsel was successive because he made this claim in his first petition for habeas relief. *See* NRS 34.810(2). Lewis's claim that counsel was ineffective for failing to interview the victims was an abuse of the writ because it was new and different from the claims raised in his first habeas petition. *See* NRS 34.810(1)(b)(2); NRS 34.810(2). Lewis's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3).

Lewis argues on appeal that the district court's denial of his motions to appoint counsel in the first postconviction proceeding constitutes good cause to excuse the procedural bar because the district court deprived him of a meaningful opportunity to participate in the 2009

evidentiary hearing. Lewis concedes that he had no statutory entitlement to appointed counsel and does not argue that the district court erred in applying NRS 34.750(1).

Good cause requires the petitioner to demonstrate that the delay was not his fault and that dismissal of the petition will unduly prejudice him. NRS 34.726(1). A petitioner establishes good cause by showing that an impediment external to the defense prevented him from complying with procedural default rules. *Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003).

Lewis cannot assert an external impediment to compliance when he timely argued in his first petition that counsel failed to properly investigate and interview witnesses and has not identified any impediment preventing his arguing then that counsel also failed to interview the victims. The transcript shows that Lewis was able to question his former counsel on the limited issues of the evidentiary hearing. Lewis's claim that he would have been able to more effectively cross-examine his former counsel during the evidentiary hearing had he known that he could have subpoenaed her notes does not constitute good cause. *See Hood v. State*, 111 Nev. 335, 338, 890 P.2d 797, 798 (1995) ("Counsel's failure to send appellant his files did not prevent appellant from filing a timely petition, and thus did not constitute good cause for appellant's procedural default."). That his claims might have been litigated more effectively by appointed counsel does not constitute good cause, as the lack of access to trained legal expertise is not an impediment external to the defense and does not constitute good cause. *See Phelps v. Dir., Nev. Dep't. of Prisons*, 104 Nev. 656, 660, 764 P.2d 1303, 1306 (1988) (holding that a petitioner's limited intelligence and poor legal assistance

from inmate law clerks did not establish good cause), *superseded by statute on other grounds as stated in State v. Haberstroh*, 119 Nev. 173, 69 P.3d 676 (2003).

Even if Lewis had demonstrated good cause, Lewis must show actual prejudice as well. *See* NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3). Actual prejudice requires a petitioner to show error that caused him actual and substantial disadvantage. *Hogan v. Warden*, 109 Nev. 952, 960, 860 P.2d 710, 716 (1993). Lewis argues that he suffered prejudice when counsel's failure to properly investigate prevented his presenting beneficial witnesses. We address the merits of Lewis's claim of ineffective assistance of counsel only to review whether he has demonstrated actual prejudice. To establish ineffective assistance of counsel, Lewis must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland*, 466 U.S. at 687-88; *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both deficiency and prejudice must be shown. *Strickland*. 466 U.S. at 697. An attorney must reasonably investigate in preparing for trial or reasonably decide not to. *Strickland*, 466 U.S. at 691; *Kirksey v. State*, 112 Nev. 980, 992, 923 P.2d 1102, 1110 (1996). Based on Lewis's proffered description of the anticipated testimony of the relevant potential witnesses, we conclude that he has failed to show that the outcome would have been different had they been presented to testify: the district court stated that it would not have admitted testimony about the minor victims propensity to lie on unrelated occasions, and counsel explained that she would not have

pursued a character defense as a strategic decision. Lewis failed to identify what impeachment interviewing the victims would yield such that it would have rendered a different outcome. *See Molina v. State,* 120 Nev. 185, 192, 87 P.3d 533, 538 (2004) (holding that appellant failed to show prejudice under *Strickland* where he failed to show what evidence a more thorough investigation would have yielded). The bare allegation that the interview would result in their impeachment is insufficient. *See Hargrove v. State,* 100 Nev. 498, 502, 686 P.2d 222, 225 (1984). The record shows that the purported "recantation tape" was indecipherable, and, in failing to identify its contents, Lewis has failed to show how it could have led to a reasonable probability of a different outcome. We conclude that Lewis has failed to show either good cause or actual prejudice and thus that the district court did not err in denying Lewis's third state petition for habeas relief as procedurally barred. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Parraguirre

_____, J.          _____, J.
Douglas                                              Cherry

cc:     Hon. Michelle Leavitt, District Judge
        Federal Public Defender/Las Vegas
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk