# IN THE SUPREME COURT OF THE STATE OF NEVADA

DAIMON MONROE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 72944

FILED

JUL 20 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order denying a postconviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Eric Johnson, Judge.

Appellant filed his petition on December 16, 2016, more than six years after issuance of the remittitur on direct appeal on August 24, 2010. *Monroe v. State*, Docket No. 52788 (Order Affirming in Part, Reversing in Part and Remanding, July 30, 2010). Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Moreover, appellant's petition was successive because he had previously litigated a postconviction petition for a writ of habeas corpus, and it constituted an abuse of the writ

---

[1]This case was previously transferred to the Court of Appeals, *see* NRAP 17(b), and a 2-judge panel affirmed the district court's decision. This court granted a petition for review under an abundance of caution based on appellant's statement that Judge Silver was biased even though appellant had not filed a motion pursuant NRAP 35. We caution appellant that he must follow the requirements of NRAP 35 in all future cases filed in the appellate courts.

This appeal has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

18-27739

to the extent he raised claims new and different from those raised in his previous petition.[2] *See* NRS 34.810(1)(b)(2); NRS 34.810(2). Appellant's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3). Based upon our review of the pro se brief and the record on appeal, we conclude that the district court did not err in denying the petition as procedurally barred for the reasons discussed below.

First, appellant's arguments that he had good cause to excuse the procedural defaults because he only had an eighth grade education, he was kept in isolation, he did not have access to the law library, and he was not provided discovery are without merit. *See Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003) (recognizing that good cause must be an impediment external to the defense that prevented a petitioner from complying with the state procedural default rules); *see also Hood v. State*, 111 Nev. 335, 338, 890 P.2d 797, 798 (1995) (determining that counsel's failure to send petitioner his case files did not prevent the filing of a timely petition); *Phelps v. Director, Prisons*, 104 Nev. 656, 660, 764 P.2d 1303, 1306 (1988) (determining that a petitioner's limited intelligence did not provide good cause).

Appellant's argument that he had good cause and prejudice based on new evidence that the police did not have a search warrant for the first search of the Cutler residence and that the State withheld this evidence is likewise without merit as appellant did not establish any evidence was withheld or that it was material. *See State v. Huebler*, 128 Nev. 192, 198, 275 P.3d 91, 95 (2012) (recognizing that when good cause and

---

[2]*Monroe v. State*, Docket No. 65827 (Order of Affirmance, October 16, 2015).

 

prejudice is based upon a claim that evidence was withheld a petitioner must demonstrate that the evidence was withheld and that the evidence was material). We note that the documents submitted with the petition failed to establish that there was not a validly issued search warrant for the Cutler residence. Appellant nonetheless indicates that his new evidence is a photograph or photographs of a search warrant that he was not permitted to present to the court in person. Even assuming that appellant should have been permitted an opportunity to submit his photographs in person because of the difficulties in making legible copies of photographs from prison, appellant's statements about what is depicted in the photographs do not establish that there was not a valid search warrant for the Cutler residence on November 6, 2006. Multiple witnesses testified at trial that they were part of the team that searched the Cutler residence on November 6, 2006, pursuant to a search warrant. The information that the detective obtained subsequent warrants and performed subsequent searches was known at the time of trial. Appellant challenged the validity of the November 6, 2006, warrant on direct appeal, and this court examined the warrant and determined it was valid. Finally, appellant's additional arguments about missing photographs of other warrants or missing emails appear to be based on pure speculation and do not establish good cause for the untimely and successive petition.

To the extent that appellant claims that he is actually innocent, appellant fails to show that "'it is more likely than not that no reasonable juror would have convicted him in light of . . . new evidence.'" *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *see also Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001); *Mazzan v. Warden*, 112 Nev. 838, 842, 921 P.2d 920, 922 (1996). We

therefore conclude that the district court did not err in denying appellant's petition. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:    Hon. Eric Johnson, District Judge
       Daimon Monroe
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk