IN THE SUPREME COURT OF THE STATE OF NEVADA

MATTHEW F. ROWBOTTOM,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 79480

FILED

JUL 16 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Egan K. Walker, Judge. The district court denied appellant Matthew Rowbottom's petition without holding an evidentiary hearing. We affirm.[1]

Rowbottom was convicted, pursuant to a jury verdict, of first-degree murder with a deadly weapon and sentenced to death. This court reversed his conviction and remanded for a new trial. *Rowbottom v. State*, 105 Nev. 472, 779 P.2d 934 (1989). During Rowbottom's second trial, he accepted a plea offer and changed his plea to guilty of first-degree murder with the use of a deadly weapon. In exchange, the State agreed not to seek the death penalty. The district court sentenced Rowbottom to consecutive

_____

[1]Having considered Rowbottom's pro se brief, we conclude that a response is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

20-26204

sentences of life without the possibility of parole. The judgment of conviction was filed on November 16, 1990. This court dismissed Rowbottom's untimely direct appeal for lack of jurisdiction. *Rowbottom v. State*, Docket No. 31984 (Order Dismissing Appeal, March 25, 1998).

Rowbottom's postconviction habeas petition was untimely because it was filed 29 years after his judgment of conviction. *See* NRS 34.726(1); *Dickerson v. State*, 114 Nev. 1084, 1087, 967 P.2d 1132, 1133-34 (1998) (holding that the filing period for a postconviction habeas petition begins to run from entry of the judgment of conviction absent a timely direct appeal). Rowbottom's petition was also successive because he had previously filed several postconviction habeas petitions and an abuse of the writ because he asserted new claims that could have been raised in a prior petition. *See* NRS 34.810(2); *Rowbottom v. State*, Docket No. 36542 (Order of Affirmance, December 12, 2001); *Rowbottom v. State*, Docket No. 29876 (Order Dismissing Appeal, May 27, 1999); *Rowbottom v. State*, Docket No. 24785 (Order Dismissing Appeal, May 7, 1996). Thus, Rowbottom's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(3). Good cause requires Rowbottom to show that the basis for a claim was not reasonably available when he filed his first, timely petition and that he filed the instant petition within a reasonable time of discovering the factual or legal basis for the claim. *See Hathaway v. State*, 119 Nev. 248, 252-53, 71 P.3d 503, 506 (2003).

Rowbottom argues that he has good cause on several grounds. He first argues good cause based on being denied access to trial transcripts

and other case records that were only provided to him in 2018.[2] Rowbottom's receipt of these records does not establish good cause for his successive and untimely petition, as the failure to send these records to Rowbottom did not prevent him from filing a timely first petition, in 1991. *See Hood v. State*, 111 Nev. 335, 338, 890 P.2d 797, 798 (1995) ("Counsel's failure to send appellant his files did not prevent appellant from filing a timely petition, and thus did not constitute good cause for appellant's procedural default."). Rowbottom's argument that documents from Poza Consulting Services and Southern Pacific Communications constituted newly discovered evidence is without merit as the substance of this evidence was addressed in the evidentiary hearing on the first timely petition. Accordingly, neither supports a claim that was not reasonably available to be raised in a timely petition.

Rowbottom's argument that ineffective assistance of postconviction counsel provides good cause is also without merit, as he was not entitled to the effective assistance of postconviction counsel after the State agreed not to seek the death penalty in exchange for his guilty plea. *See Brown v. McDaniel*, 130 Nev. 565, 569, 331 P.3d 867, 870 (2014) (concluding that claims of ineffective assistance of postconviction counsel in noncapital cases do not constitute good cause for a successive petition

---

[2]Rowbottom's contention that he was unable to pursue postconviction relief without having a copy of the record to cite is incorrect as a matter of law, *see* NRAP 28(e)(3) (providing that pro se parties need not, but are encouraged to, support assertions with citations to the record), and belied by his previous pro se petitions. His related argument that he was deprived of the ability to create an appendix is likewise misguided. *See* NRAP 30(i) (providing that a pro se party generally may not file an appendix).

because there is no entitlement to appointed counsel). Insofar as Rowbottom's pleadings may be construed to argue that limited assistance from prison law clerks and access to the prison law library provide good cause, Rowbottom has not shown that either presented an impediment external to the defense constituting good cause, particularly as he had previously filed a timely pro se postconviction habeas petition. *See Phelps v. Dir., Nev. Dep't. of Prisons*, 104 Nev. 656, 660, 764 P.2d 1303, 1306 (1988); *see also Lewis v. Casey*, 518 U.S. 343, 355-56 (1996). As Rowbottom did not show good cause, we conclude that the district court correctly applied the mandatory procedural bars. *See State v. Eighth Judicial Dist. Court (Riker)*, 121 Nev. 225, 231, 112 P.3d 1070, 1074 (2005).

Rowbottom next argues that he is actually innocent or that there was a fundamental miscarriage of justice. Rowbottom argues that the interrogating officer's recounting of Rowbottom's confession was "fabricated" and not credible. Rowbottom must show that "it is more likely than not that no reasonable juror would have convicted him in the light of . . . new evidence," *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *see also Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001), and that he is factually innocent, *see Bousley v. United States*, 523 U.S. 614, 624 (1998). Rowbottom has not shown that no reasonable juror would have convicted him in light of the extensive evidence of his guilt or that he was factually innocent. *See Rowbottom*, 105 Nev. at 475-78, 779 P.2d at 936-37. The district court therefore did not err in denying Rowbottom's actual innocence claim.

Rowbottom lastly requests to withdraw his guilty plea. To withdraw his guilty plea, Rowbottom must nevertheless make the showing

required to overcome the procedural bar, *see Little v. Warden*, 117 Nev. 845, 853, 34 P.3d 540, 545 (2001), which he has failed to do here.

Having considered Rowbottom's contentions and concluded that relief is not warranted, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. Egan K. Walker, District Judge
Matthew F. Rowbottom
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk