Argued and submitted January 25, affirmed September 3, 2008

## David DODDS,
*Plaintiff-Appellant,*

*v.*

## The CITY OF WEST LINN,
an Oregon municipal corporation,
*Defendant-Respondent.*

Clackamas County Circuit Court
CV05030464; A133476

193 P3d 24

Karl G. Anuta argued the cause for appellant. With him on the briefs were David S. Foster and Sokol & Anuta, P.C.

Stephen F. Crew argued the cause for respondent. With him on the briefs were T. Chad Plaster and Ramis Crew Corrigan, LLP.

Before Landau, Presiding Judge, and Ortega, Judge, and Rosenblum, Judge.

LANDAU, P. J.

**LANDAU, P. J.**

The West Linn City Council approved a resolution changing the designation of a parcel of city property from "open space" to "city-owned." Plaintiff challenged the lawfulness of the resolution by filing a petition for a writ of review. The trial court dismissed the petition. Plaintiff now appeals, arguing that the trial court erred in failing to require the city to put the redesignation decision to a vote of the people. The city contends, by way of cross-assignment of error, that the trial court correctly dismissed the petition, albeit for the wrong reason. According to the city, the court should have dismissed the case for want of justiciability. We agree with the city that the case is nonjusticiable and affirm on that ground.

The relevant facts are not in dispute. In 2003, the city acquired a .4-acre lot and abandoned house at 21395 Willamette Drive (the Willamette Drive property) from Clackamas County in a tax foreclosure proceeding. The city initially classified the property as "city-owned." On December 22, 2004, by resolution at a regularly scheduled city council meeting, the city designated the property as "open space natural area." At the time, plaintiff was mayor of the city, and he voted in favor of the city's designation of the Willamette Drive property as an open space natural area.

In January 2005, a new city council and mayor took office. On February 14, 2005, through a resolution adopted at a regularly scheduled city council meeting, the city council unanimously voted to remove the "open space natural area" designation from the Willamette Drive property. Plaintiff was not aware of and did not participate in the proceedings leading to the decision to remove the open space designation. He sought a writ of review of the city's action pursuant to ORS 34.040(1)(a) and (b) contending that the city had violated West Linn City Charter, Chapter XI, Section 46(a), which provides that "[t]he City shall not engage in the lease, sale, exchange or nonauthorized use of City owned park or open space without first receiving voter approval for such lease, sale, exchange or nonauthorized use." Plaintiff argued that the charter provision implicitly prohibited redesignation of open space land without voter approval.

The trial court issued the writ. The city argued that the matter is nonjusticiable, because the challenged decision was legislative or administrative in nature, and the court's authority under ORS 34.040 is limited to reviewing quasi-judicial decisions. In addition, the city argued that plaintiff lacks standing, because he was not a party to the proceeding in which the city made the challenged decision. The court rejected each contention. On the merits of the petition, the court determined that the city had not violated Section 46 of the charter by removing the open space designation without voter approval. The court entered a judgment quashing the writ. Plaintiff appeals, contending that the trial court erred in its interpretation of the city charter and that the city's actions violated Section 46.

On cross-assignment, the city renews its contention that, for various reasons, the matter is nonjusticiable. Because we conclude that the city's arguments on cross-assignment are dispositive, we begin—and end—with those arguments.

 The writ of review process is a codification of the common-law writ of *certiorari*. ORS 34.010. As we explained in *Magar v. City of Portland*, 179 Or App 104, 108, 39 P3d 234 (2002),

> "[t]he process is *sui generis*—it is a unique proceeding designed to review the decision of an inferior tribunal alleged to have either exceeded its jurisdiction, failed to follow applicable procedures or law, or made a finding not supported by substantial evidence. ORS 34.040. As a creature of statute, there are statutory limits on writ of review proceedings. Those limits fall into two classes. The first class are limits on subject matter jurisdiction and affect the jurisdiction of a particular court to preside over a writ of review proceeding. The second class consists of limits on a court's ability to take particular actions once it properly acquires subject matter jurisdiction."

The writ of review statutes set out several limits of the first sort, that is, subject matter jurisdictional limits. Among them are two that are relevant to this case. The first is that only limited types of decisions—judicial or quasi-judicial decisions—are subject to the review authority of the courts on writ of review. *See Babcock v. Sherwood School District 88J,*

193 Or App 449, 453, 90 P3d 1036, *rev den*, 337 Or 556 (2004) (whether a challenged decision is quasi-judicial under ORS 34.040 is subject matter jurisdictional). The second is that only certain persons—parties to the proceeding in which the challenged decision was rendered—may seek review under the writ of review process. *See Hood River Valley v. Board of Cty. Commissioners*, 193 Or App 485, 492, 91 P3d 748 (2004) (whether a petitioner has statutory standing under ORS 30.020 is subject matter jurisdictional). Because those matters are subject matter jurisdictional in nature, we have an obligation to address them, even if the parties neglected to do so. *Weatherspoon v. Allstate Ins. Co.*, 193 Or App 330, 333, 89 P3d 1277, *rev den*, 337 Or 327 (2004) ("subject matter jurisdiction is never waived and can be raised by any party or by the court *sua sponte* at any stage of the proceedings").

██ We begin with the statutory limits on the types of decisions that are subject to writ of review authority. ORS 34.040(1) provides:

> "The writ shall be allowed in all cases in which a substantial interest of a plaintiff has been injured and an inferior court including an officer or tribunal other than an agency as defined in ORS 183.310(1) *in the exercise of judicial or quasi-judicial functions* appears to have:
>
> "(a) Exceeded its jurisdiction;
>
> "(b) Failed to follow the procedure applicable to the matter before it;
>
> "(c) Made a finding or order not supported by substantial evidence in the whole record;
>
> "(d) Improperly construed the applicable law; or
>
> "(e) Rendered a decision that is unconstitutional."

(Emphasis added.) In *Strawberry Hill 4 Wheelers v. Benton Co. Bd. of Comm.*, 287 Or 591, 602-04, 601 P2d 769 (1979), the Supreme Court explained that quasi-judicial decisions subject to writ of review are those processes that meet three criteria. First, they generally employ a "process [that] is bound to result in a decision." *Id.* at 602-03. Second, the "decision is bound to apply preexisting criteria to concrete facts." *Id.* And, third, the decision is "directed at a closely circumscribed factual situation or a relatively small number of

persons." *Id*. at 603. In contrast, legislative decisions that are not subject to the writ of review process are those that a governmental body undertakes as a matter of discretionary choice. *Id*.

In *Hood River Valley*, 193 Or App at 495, we addressed the application of those three criteria, stating that they do not "describe a bright-line test." Instead, we commented, "*Strawberry Hill 4 Wheelers* contemplates a balancing of the various factors which militate for or against a quasi-judicial characterization and does not create [an] 'all or nothing test[.]' " *Id*. (citation omitted). In particular, we noted that the criteria are applied in light of the reasons for their existence—*viz.*, the assurance of correct factual decisions and the assurance of "fair attention to individuals particularly affected." *Id*. (citations omitted).

In applying the above criteria to the city's decision to remove the open space designation from the Willamette Drive property, we conclude that the city's action was a discretionary choice, and not subject to review.

The city is a home rule municipality, by virtue of provisions of its charter that confer on the city full powers "which the Constitution, statutes and common law of the United States and this State now or hereafter expressly or impliedly grant or allow the City, as fully as though this Charter specifically enumerated each of those powers." Thus, within constitutional limits, the city's power is plenary, except as limited by the charter itself. *City of Portland v. Jackson*, 316 Or 143, 850 P2d 1093 (1993). Under Chapter XI, Section 46(d), of the charter, the city was required to determine the appropriate designation for all city property:

"Within 60 days of City acquisition of real property the City Council shall determine the appropriate designation of the property for the purposes of this Charter section. Within 90 days of adoption of this section the City Council will adopt existing property into the appropriate designation. The City will create and maintain an inventory of City-owned parks and open spaces, including, but not limited to, appropriate designations, location and size."

Immediately after it acquired the Willamette Drive property in 2003, the city council placed the property in its city-owned

property inventory, but did not adopt an open space designation. In December 2004, the city council voted to adopt the open space designation. Then, in January 2005, the city voted to remove that designation. There is no evidence in this record of specific objective criteria that the city applied to its redesignation of the property. The city's action apparently did not require a zone change or an amendment to the comprehensive plan. The city was not compelled to undertake a reconsideration of the property's designation, and, once it undertook to do so, it was not bound to reach a decision. The city's action was, in essence, a completely discretionary determination.

Plaintiff insists that Chapter XI, Section 46(a), of the city charter itself provides the limitation on the city's discretion. As we have noted, that provision states that the city "shall not engage in the lease, sale, exchange or nonauthorized use of City owned park or open space without first receiving voter approval[.]" The short answer to plaintiff's contention is that nothing in the provision says anything about redesignation of city property. It limits the city's authority to engage in four enumerated activities: lease, sale, exchange, or nonauthorized use. Plaintiff concedes that the challenged decision in this case does not entail any of those four activities.

As we understand it, plaintiff argues that we nevertheless should hold that the provision has the implicit effect of limiting redesignation decisions because a related provision of the charter specifies that "[t]he intent of this Charter section is that City-owned park and open space shall be preserved for recreational use and environmental preservation and enhancement and not used for other purposes or sold or exchanged without the approval of the registered voters of the City of West Linn." West Linn City Charter, Chapter XI, Section 46(e). According to plaintiff, given the obvious intent of the provision to protect open space, it would be "absurd" to limit it to its "literal" effect. Whatever the intention of the voters who enacted the charter provision, however, the fact remains that there simply is no textual basis for reading into the provision a further limitation on the otherwise plenary authority of the city.

Moreover, even if the charter provision imposed the restriction on the city that plaintiff claims, we do not understand how that establishes that the decision is judicial or quasi-judicial in nature. Assuming for the sake of argument that Section 46 requires redesignation decisions to be referred to the voters, that would merely confirm that the redesignation decision is legislative in nature (or that the section requiring the referral is invalid), as the constitution permits only legislative decisions to be the subject of such referrals to popular vote. *See Foster v. Clark*, 309 Or 464, 472, 790 P2d 1 (1990) (only legislative decisions may be referred to local voters).

■ We turn to the city's contention that, apart from the trial court's lack of authority to review the type of decision at issue in this case, there is the further subject matter jurisdictional impediment in plaintiff's failure to establish that he has statutory standing. ORS 34.020 provides that "any party to any process or proceeding before or by any inferior court, officer, or tribunal may have the decision or determination thereof reviewed for errors." In *Strawberry Hill 4 Wheelers*, the Supreme Court spelled out what the statute requires to establish statutory standing. The court held that

"[a] plaintiff seeking relief against a [lower tribunal] must show (1) that he suffered an identifiable injury to an interest of some substance, and (2) either that he participated in some form in the proceeding before the [lower tribunal] or that he was entitled to participate but failed to do so for lack of proper notice or other reasons beyond his control."

287 Or at 611. The court further specified that "the facts asserted to qualify the petitioner as a party must be alleged in the petition," as well as proven at trial. *Id.*

In this case, there is nothing in the petition saying one way or the other whether plaintiff participated in the February 14, 2005, proceeding in which the city adopted the resolution that is the focus of plaintiff's appeal. Nor does the petition say anything about whether plaintiff failed to participate in the proceeding because of a lack of notice. At the hearing, it was made clear that, in fact, plaintiff did not attend or otherwise participate in the February 14, 2005, proceeding. It is the absence of any allegations of standing and

plaintiff's failure to participate in that proceeding that forms the basis for the city's contention that plaintiff lacks standing under ORS 34.020.

Plaintiff's response is two-fold. First, he contends that he actually did participate in the relevant "proceeding." According to plaintiff, because the city redesignated the property by amending its resolution of two months earlier, that means that the relevant proceeding actually was the December 2004 city council meeting, a meeting in which he did participate. Plaintiff's contention, however, cannot be reconciled with the wording of the statute, which refers to the "process or proceeding" that produced "the decision or determination" that is the subject of the writ.

Second, and in the alternative, plaintiff contends that he did not participate in the February 14, 2005, proceeding because he did not receive notice of the proceeding. Specifically, plaintiff contends that he was entitled to receive notice under West Linn City Charter, Chapter VIII, section 33(c), which provides that copies of "ordinances" must be provided for public inspection and notice provided by posting at City Hall and publication in a newspaper. Plaintiff concedes that the resolution at issue in this case was not an ordinance but insists that "the same or similar notice requirements *should* apply" to resolutions. (Emphasis added.) We reject that contention without discussion. Plaintiff also contends that he was entitled to notice under the state public meetings law, ORS 192.640(1), which requires governing bodies of public bodies give specified notice "to interested persons including news media *which have requested notice*." (Emphasis added.) In this case, however, nothing in the record suggests that plaintiff requested such notice. We reject that argument without further discussion.

In short, we conclude that the trial court erred in rejecting the city's contentions that plaintiff's claims are nonjusticiable in a writ of review proceeding. The trial court correctly dismissed the writ, albeit for the wrong reason.

Affirmed.