716 April 16, 2025 No. 335

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Garrick GARLAND,
*Petitioner-Appellant,*

*v.*

WASHINGTON COUNTY DISTRICT ATTORNEY'S OFFICE
and Kevin Barton, in his official capacity as
District Attorney for Washington County,
*Respondents-Respondents.*

Washington County Circuit Court
20CV20000; A176283

Garrick GARLAND,
*Plaintiff-Appellant,*

*v.*

WASHINGTON COUNTY DISTRICT ATTORNEY'S OFFICE
and Kevin Barton, in his official capacity as
District Attorney for Washington County,
*Defendants-Respondents.*

Washington County Circuit Court
21CV38649; A179192

Theodore E. Sims, Judge.

Submitted November 8, 2023.

Daniel E. Thenell and Thenell Law Group filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Kirsten M. Naito, Assistant Attorney General, filed the brief for respondents.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

POWERS, J.

Judgment in Case No. 21CV38649 vacated and remanded; otherwise affirmed.

**POWERS, J.**

In this consolidated appeal of two judgments, plaintiff raises a single assignment of error, asserting that the trial court erred in dismissing the writ of review and in dismissing petitioner's complaint for declaratory relief. Specifically, plaintiff challenges a decision made by the Washington County District Attorney's Office and Kevin Barton in his official capacity as District Attorney for Washington County (collectively, defendants) that placed plaintiff, who was employed as a patrol deputy in the Washington County Sheriff's Office (WCSO), on an internal "Brady list." *See Lane v. Marion County District Attorney's Office*, 310 Or App 296, 297 n 1, 486 P3d 38 (2021) (describing a "Brady list" or "Brady index" as a list of law enforcement officers that a prosecutor's office will not call as a witness in a criminal proceeding due to concerns about the officers' credibility). Plaintiff asserts that the decision was quasi-judicial, such that writ of review and declaratory judgment actions are appropriate. For the reasons explained below, we conclude that defendants' decision to add plaintiff to the Brady list is not subject to challenge via a writ of review. Plaintiff raises no separate argument regarding the merits of the court's dismissal of the declaratory judgment action; however, we vacate and remand for the court to enter a judgment declaring the parties' rights rather than a judgment of dismissal. Accordingly, we vacate and remand the judgment dismissing the declaratory judgment action and affirm the judgment dismissing the writ of review.

## I.   BACKGROUND

The relevant facts are mostly procedural and undisputed. While on duty, plaintiff responded to a report of two men unlawfully entering a motor vehicle (UEMV), which was captured on surveillance video. Plaintiff viewed the video and located the two men, who admitted that they had entered the vehicle. Plaintiff asked if they had any stolen property in their possession, and they gave plaintiff a headlamp. Plaintiff gave them a lecture and let them go. Plaintiff then sent a message to all WCSO deputies notifying them of his contact with the men and asking to be contacted if there were any UEMVs reported in that area. Plaintiff did

not write a report of the incident or log the headlamp into evidence.

Later that evening, a burglary occurred in the same area as the UEMV, and Detective Altiere was assigned to investigate. Altiere obtained the UEMV surveillance video and asked plaintiff if the two men that he stopped were the same men on the video. Plaintiff responded that there were differences between the clothing worn in the video and the clothing worn by the individuals that he contacted; however, plaintiff did not tell Altiere that they had admitted to entering the vehicle. Based on plaintiff's response, Altiere initially removed those men as suspects. Based on further investigation, however, Altiere later concluded that those same individuals committed the burglary.

Altiere believed that plaintiff had been untruthful in his response about the two men and filed a complaint. WCSO initiated an internal affairs investigation, which resulted in plaintiff's termination. Plaintiff grieved that decision, which was denied, and the case was submitted to arbitration. Defendants then notified plaintiff that they were considering whether to call plaintiff as a witness in any future proceedings. Plaintiff requested, and defendants agreed, to delay the decision until the arbitration proceedings concluded.

The arbitrator issued an opinion that found that plaintiff had violated WCSO policy by failing to write a report, log the headlamp into evidence, and provide all the information to Altiere. However, the arbitrator observed that there was insufficient evidence to support a finding that plaintiff had been intentionally dishonest. Ultimately, the arbitrator concluded that termination was unreasonable and ordered that plaintiff be reinstated. Plaintiff submitted the arbitrator's decision to defendants to use when determining whether to add plaintiff to the Brady list.

After reviewing the arbitrator's findings and plaintiff's conduct, defendants notified plaintiff that they were placing him on the Brady list. Plaintiff then initiated this action by filing a petition for a writ of review to challenge defendants' decision. The trial court dismissed the petition

on defendants' motion and quashed the writ, concluding that it did not have jurisdiction to issue a writ because defendants' decision was not "quasi-judicial" and therefore not subject to a writ of review.

After plaintiff filed his petition for writ of review, he was terminated for a second time due to his placement on the Brady list. After that termination, plaintiff sought declaratory relief asking the trial court for a review process and a declaration as to his rights and obligations as a law enforcement officer. Defendants filed a motion to dismiss plaintiff's claim. The trial court granted defendants' motion, concluding that it is within the discretion of the District Attorney to decide whether or not he is going to call an officer in future cases. Plaintiff timely appeals both decisions.

## II.    ANALYSIS

A.    *The trial court did not err in concluding that defendants' decision is not subject to a challenge via a writ of review.*

We first address whether the placement of a person on a Brady list is subject to challenge via a writ of review.[1] We review a trial court's determination that a challenged action is not subject to review by a writ of review for legal error. *Lane*, 310 Or App at 302.

The writ of review process in ORS 34.010 is the codification of the common law writ of *certiorari* and is "a unique proceeding designed to review the decision of an inferior tribunal alleged to have either exceeded its jurisdiction, failed to follow applicable procedures or law, or made a finding not supported by substantial evidence." *Dodds v. City of West Linn*, 222 Or App 129, 132, 193 P3d 24 (2008) (quoting *Magar v. City of Portland*, 179 Or App 104, 108, 39 P3d 234 (2002)); *see generally 1448 28th Avenue, LLC v. City of Portland*, 339 Or App 27, 29-31, ___ P3d ___ (2025) (describing the requirements for a writ of review). A writ of review is available to review governmental decisions made through the exercise of judicial or quasi-judicial functions. *Lane*, 310 Or App at 303 (explaining that one statutory limitation on

---

[1] For more background on Brady lists, which have been described as "simple in concept and complicated in practice," *see* Rachel Moran, *Brady Lists*, 107 Minn L Rev 657, 659 (2022).

writ of review proceedings is subject matter jurisdiction, such that only limited types of decisions, including judicial or quasi-judicial decisions, are subject to the review authority of the courts).

To determine whether a decision process was quasi-judicial, the Oregon Supreme Court has identified three criteria: (1) whether the process, once begun, is bound to result in a decision; (2) whether the decision-maker is bound to apply preexisting criteria to concrete facts; and (3) whether the decision is directed at a closely circumscribed factual situation or a relatively small number of persons. *Strawberry Hill 4 Wheelers v. Benton Co. Bd. Of Comm.*, 287 Or 591, 601-03, 601 P2d 769 (1979); *see Dodds*, 222 Or App at 133-34 (contrasting decisions that meet the *Strawberry Hill 4 Wheelers* criteria with legislative decisions that a governmental body "undertakes as a matter of discretionary choice"). Although these criteria are not elements, they may indicate that a disputed action was judicial or quasi-judicial for purposes of a writ of review. *Hicks v. Central Point School Dist.*, 270 Or App 532, 544, 348 P3d 307, *rev den*, 357 Or 743 (2015).

In determining whether the placement of an officer's name on a Brady list is a quasi-judicial decision, we are guided by our recent decision in *Lane v. Marion County District Attorney's Office*, 310 Or App 296, 486 P3d 38 (2021), which addressed a related—but distinct—issue of whether a district attorney's decision not to reconsider an officer's name on a Brady list was not a quasi-judicial decision subject to challenge via a writ of review. *See id.* at 313 n 8 (observing that our decision addressed only the district attorney's decision not to reconsider the placement of the petitioner on the Brady list and did not address the merits of that decision). In *Lane*, we used the *Strawberry Hill 4 Wheelers* criteria and concluded that, although the decision was directed at a closely circumscribed factual situation involving a single person, there was no obligation to reconsider the decision, any reconsideration could have been abandoned once it began, and there was no obligation to apply preexisting criteria in reconsidering the initial determination. Accordingly, we concluded that the District Attorney's decision not to reconsider an officer's placement

on a Brady list was not a quasi-judicial decision subject to challenge via a writ of review. *Lane*, 310 Or App at 303-13.

On appeal, assuming without deciding that plaintiff had standing, our analysis of the *Strawberry Hill 4 Wheelers* criteria in this case largely tracks our discussion in *Lane* despite arising in a different procedural posture. We further note that, despite *Lane* being discussed before the trial court, plaintiff does not cite *Lane* in his opening brief or discuss our application of the *Strawberry Hill 4 Wheelers* factors in that case. In plaintiff's reply, however, he contends that *Lane* does not control because that case discussed the removal of an officer from the list, whereas this case involves placing someone on the Brady list. In addition, plaintiff argues that the first factor—whether the process, once begun, is bound to result in a decision—points toward a conclusion that the decision to add him to the Brady list was quasi-judicial for purposes of a writ of review. Plaintiff asserts that, because the process is bound to result in a decision insofar as the District Attorney will (1) take no action; (2) conduct further investigation; (3) place the witness on a different list directing deputy attorneys to consult with a supervisor before calling the witness at trial; (4) place the person on the Brady list; (5) flag the witness in their system indefinitely; or (6) leave the action open indefinitely, the first criterion should weigh in his favor. We disagree with plaintiff's contention.

Although defendants noted that they were weighing whether to call plaintiff as a witness in the future, plaintiff has not identified any obligation for them to make that decision or any process that they had to follow for that purpose. In short, nothing compelled defendants to make a decision as to whether to place plaintiff on the Brady list. As we explained in *Lane*, the defendants could have simply abandoned such an effort in favor of other tasks. *Id.* at 309-10. We are not persuaded that abandoning an effort or leaving an action open indefinitely results in a decision within the meaning of the *Strawberry Hill 4 Wheelers* criteria. Accordingly, we conclude that this factor weighs against the conclusion that the decision to place a witness on a Brady list is quasi-judicial.

Turning to the second criterion, which considers whether the decisionmaker is bound to apply preexisting criteria to concrete facts, plaintiff contends that preexisting criteria exist because defendants were provided with a set of "Best Practices."[2] We disagree with plaintiff's assertions.

The "Best Practices" document does not create binding procedural mechanisms that district attorneys must follow. Instead, it recommends examples of conduct that a prosecutor could consider when deciding whether an officer should not be called as a witness. As we explained in *Lane*, those examples are not "pre-existing criteria" within the meaning of *Strawberry Hill 4 Wheelers*, especially given that prosecutors are not bound to apply them. *Lane*, 310 at 312 n 7; *see also Babcock v. Sherwood School Dist. 88J*, 193 Or App 449, 454, 90 P3d 1036 (2004) (explaining that "general factors such as those named by plaintiffs—factors that the governing body is not 'bound to apply'—are not preexisting criteria that significantly limit the board's discretion and thereby create a quasi-adjudication"). Moreover, there are no allegations that defendants were required to apply those best practices or that they carry the force of law. Consequently, this factor also weighs in favor of a conclusion that defendants' decision to add plaintiff to the Brady list was not quasi-judicial.

Lastly, we turn to the third criterion, which analyzes whether the decision was directed at a closely circumscribed factual situation or a relatively small number of persons. Defendants acknowledge, and we agree, that this factor points toward a conclusion that the decision was quasi-judicial. In the context of this case, however, that factor alone is not dispositive and does not transform defendants' decision to add plaintiff to the Brady list into a quasi-judicial one. *See Lane*, 310 Or App at 312-13 (concluding

---

[2] *The Best Practice for Navigating* Brady v. Maryland *in Oregon* was published March 31, 2014, and is the product of a Statewide Protocol Workgroup. *See* https://olis.oregonlegislature.gov/liz/2015r1/Downloads/CommitteeMeetingDocument/62043 (accessed April 2, 2025). The Workgroup consisted of participants from various Oregon district attorney offices, law firms, police departments, sheriff's offices, county legal offices, and county judiciaries. The 15-page document included recommendations for prosecutors regarding how to comply with *Brady*, including recommendations that a prosecutor could consider when deciding whether or not to call an officer to testify.

that, although the decision applied to only one individual, the other two criteria were sufficient to conclude that the decision was not quasi-judicial); *see also Babcock*, 193 Or App at 454 (concluding that the defendants "did not engage in a quasi-adjudicative process, despite the fact that their decision applied only to the particular situation of two individuals"); *Hicks*, 270 Or App at 546-48 (concluding that the challenged action was not quasi-judicial where, although the third *Strawberry Hill 4 Wheelers* factor points toward a determination that the action was quasi-judicial, the other two criteria point in the opposite direction and the absence of "procedural requirements" points to a determination that the action was not quasi-judicial).

In sum, we conclude that defendants' decision to add plaintiff to the Brady list did not involve the exercise of a quasi-judicial function. Accordingly, we affirm the trial court's determination that the decision is not subject to a challenge via a writ of review.

B.   *The trial court should have entered a judgment declaring the rights of the parties.*

Finally, although plaintiff also assigns error to the trial court's dismissal of his claim for declaratory relief, he does not develop a separate argument on the merits. Thus, for the reasons already explained, the trial court correctly rejected plaintiff's claim for a declaratory judgment. However, as defendants concede, the court erred by dismissing the claim instead of entering a judgment that declared the rights of the parties. Accordingly, we vacate that judgment and remand. *See, e.g.*, *Western Radio Services Co. v. Verizon Wireless, LLC*, 297 Or App 446, 454, 442 P3d 218, *rev den*, 365 Or 534 (2019) (vacating and remanding for entry of judgment declaring the rights of the parties); *see also City of Corvallis v. State of Oregon*, 304 Or App 171, 190-91, 464 P3d 1127 (2020) (explaining that the correct disposition in a declaratory judgment action is a declaration of the rights of the parties even if it is not the declaration sought by the plaintiff).

Judgment in Case No. 21CV38649 vacated and remanded; otherwise affirmed.